ANA GARCIA ET AL. *v.* BROOKS STREET
ASSOCIATES ET AL.
(13338)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

16

Argued June 3—decision released August 30, 1988

*Diana A. Johnston,* with whom, on the brief, was *John M. Boesen,* for the appellant (plaintiff Carol Steinberg).

*Matthew B. Woods,* with whom, on the brief, was *Philip Baroff,* for the appellees (defendants).

*William R. Breetz,* with whom, on the brief, was *Matthew J. Brady,* for the amicus curiae (National Conference of Commissioners of Uniform State Laws).

*Joseph I. Lieberman,* attorney general, and *Paul K. Pernerewski,* assistant attorney general, filed a brief for the department of housing as amicus curiae.

CALLAHAN, J. The plaintiff Carol Steinberg has filed this appeal from an order of the Superior Court granting the defendants' motions to discharge two notices of lis pendens filed by the plaintiffs against real estate owned by the defendants at 672-704 and 720-738 Brooks Street, Bridgeport. The court held that the plaintiffs had failed to prove that there was "probable

cause to sustain the validity of [their] claim" under the Common Interest Ownership Act (CIOA); see General Statutes § 47-282 et seq.; as required by General Statutes § 52-325b (b).[1] The issue raised by the plaintiff on appeal is whether the trial court erred in granting the defendants' motions discharging the two notices of lis pendens.

The relevant facts are not in dispute. On June 24, 1986, Brooks Street Associates (hereinafter BSA), as landlord, commenced summary process actions against the tenants, the plaintiffs in this action, by notices to quit. The respective summary process summonses and complaints were served on July 11, 1986.[2] In response, all the tenants filed essentially identical answers and special defenses. Of relevance to the present action is the tenants' second special defense that relied on General Statutes § 47-290 (d) (3) of CIOA. That provision authorizes a court to enjoin summary process proceedings if it "finds that there is a substantial probability

[1] "[General Statutes] Sec. 52-325b. BURDEN OF PROOF AT HEARING. AUTHORITY OF COURT. (a) Upon the hearing held on the application or motion set forth in section 52-325a, the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim. Any property owner entitled to notice under subsection (c) of section 52-325 may appear and be heard on the issue.

"(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the claim is established, or (2) order such notice of lis pendens discharged of record if probable cause to sustain the validity of the plaintiff's claim is not established."

[2] The seven summary process cases were as follows: *Brooks Street Associates* v. *Steinberg,* Docket No. SPBR 8607 08411; *Brooks Street Associates* v. *Wildman,* Docket No. SPBR 8607 08 417; *Brooks Street Associates* v. *Zbras,* Docket No. SPBR 8607 08413; *Brooks Street Associates* v. *O'Neil,* Docket No. SPBR 8607 08415; *Brooks Street Associates* v. *Paul,* Docket No. SPBR 8607 08414; *Brooks Street Associates* v. *Garcia,* Docket No. SPBR 8607 08412; *Brooks Street Associates* v. *Broadbin,* Docket No. SPBR 8608 08628. The Lamoureuxes and the Honchariks, other tenants, had vacated their respective demised premises prior to the hearings on the summary process actions.

that the owner or his successor in interest will create a common interest community within nine months from the date the action by the owner or tenant was instituted . . . . " BSA responded to the tenants' defense by claiming that the property was not going to be converted into "common interest communities" and therefore that CIOA did not apply.

Apparently in response to BSA's summary process actions, Ana Garcia, then a tenant in one of the buildings owned by BSA, instituted the present action against BSA and its individual partners, Phillip Baroff, Leonard C. Plum, Louis I. Gladstone and Phillip J. Kuchma, on July 18, 1986. In the third count of her complaint, she claimed that the defendants intended to convert the Brooks Street buildings into common interest communities and that, in pursuit of that intent, they had violated, and would in the future violate, numerous provisions of CIOA.[3] Later Brent Wildman, Richard Zbras, Paul and Dolores Lamoureux, Patricia Paul, Daniel and Diane O'Neil, Carol Steinberg, Ronald and Lucy Honcharik, and James Broadbin were joined as additional plaintiffs. Like Garcia, all of those joined as plaintiffs were living as tenants in the Brooks Street buildings owned by BSA at the time of the commencement of this action. Under General Statutes § 47-292[4] of CIOA, the plaintiffs sought damages and also injunc-

---

[3] The plaintiffs' original complaint filed on July 18, 1986, contained three counts. The first and second counts are not in issue in this appeal. The complaint was subsequently amended on September 11, 1986, in order to add a count not relevant to this proceeding.

[4] "[General Statutes] Sec. 47-292. TENANT'S CAUSE OF ACTION. A tenant who claims to be aggrieved by a violation of sections 47-282 to 47-293, inclusive, or of section 47a-23c or who claims that a landlord, declarant or unit owner has harassed him or engaged in conduct with the purpose of improperly inducing him to vacate his dwelling unit may bring an action in the superior court for the judicial district in which such person resides. The court may, in addition to damages, or in lieu of damages, order injunctive or other equitable relief and award the plaintiff costs and reasonable attorney's fees."

tive relief to restrain BSA from "maintaining or commencing any summary process proceedings."

By notices dated September 9, 1986, the plaintiffs filed a notice of lis pendens against each of the subject properties to notify potential buyers and creditors of their continued interests and CIOA claims in the real estate. On September 15, 1986, the plaintiffs, after a hearing, also obtained a $65,000 real estate attachment covering the two properties in question.[5] On September 23, 1986, the defendants filed motions to discharge the two notices of lis pendens pursuant to General Statutes § 52-325a (c),[6] arguing that there was no probable cause to sustain the validity of the plaintiffs' claims under CIOA as required by General Statutes § 52-325b (b). The applicability of CIOA being the issue central to both the validity of the tenants' special defenses in the summary process cases and to the defendants' motions to discharge the plaintiff tenants' notices of lis pendens, the two matters were, at the request and with the consent of all counsel, consolidated for purposes of a joint hearing.

On February 25, 1987, the trial court rendered judgment in the summary process actions in favor of the landlord BSA. In so doing, the court rejected the tenants' second special defense and determined that CIOA was not applicable to BSA's plans for the buildings. Finding that CIOA did not apply in the present case, the court also granted the defendants' motions to dis-

---

[5] On March 20, 1987, pursuant to a motion filed by BSA under General Statutes § 52-304 et seq., the Superior Court dissolved the attachment and substituted a bond with a surety in the amount of $65,000. Presently, the bond still stands and is not in contention on this appeal.

[6] General Statutes § 52-325a (c) provides in pertinent part: "If the action for which notice of lis pendens was recorded, is pending before any court, the property owner may at any time, unless the application under subsection (a) of this section has previously been ruled upon, move that such notice of lis pendens be discharged of record."

charge the two notices of lis pendens filed against the real estate.[7]

Initially, Steinberg and the Honchariks filed this appeal from the order of the Superior Court discharging the two notices of lis pendens in the Appellate Court on March 4, 1987. Subsequently, the Honchariks withdrew from this appeal leaving Steinberg as the sole plaintiff on appeal. Pursuant to Practice Book § 4023, we transferred the appeal to this court. We find that the propriety of the Superior Court's discharge of the two notices of lis pendens is an issue on which we can no longer afford the plaintiff any practical relief. Steinberg's appeal, therefore, must be dismissed as moot.

Since the Superior Court discharged the two notices of lis pendens, all of the plaintiffs, none of whom appealed the decision of the Superior Court in their summary process matters, have moved out of the Brooks Street buildings and no longer wish to occupy the premises. Further, the plaintiff on appeal does not wish to pursue any other rights she may have under CIOA that would entitle her to an interest in the real estate itself.[8] According to her reply brief and to concessions made at oral argument, the only relief sought

---

[7] The Superior Court's rationale for rejecting the plaintiff tenants' claims under CIOA were, pursuant to a motion filed by them under Practice Book § 4051, set forth in an articulation dated October 20, 1987.

[8] In addition to injunctive relief against summary process, a tenant's property interests under CIOA include a right to purchase a converted unit: "[General Statutes] Sec. 47-285. CONVERSION TENANT'S RIGHT TO PURCHASE CONVERTED UNIT. (a) For the first ninety days after giving a conversion notice to a tenant, a declarant shall offer to convey the converted unit occupied by that tenant to that tenant. If a tenant fails to purchase the converted unit during that ninety-day period, the declarant may not offer to dispose of an interest in that converted unit during the following one hundred eighty days at a price or on terms more favorable to the offeree than the price or terms offered to the tenant. This provision does not apply to any unit which will be restricted exclusively to nonresidential use or the boundaries of which do not substantially conform to the dimensions of the unit before conversion."

by Steinberg at this time is monetary damages pursuant to CIOA. In view of Steinberg's concessions and because of the events that have transpired, a successful conclusion to her appeal would give her no relief since she no longer possesses or professes an interest in real estate that would be afforded any protection by a notice of lis pendens.

General Statutes § 52-325 (a) states that a notice of lis pendens may be filed by a party to an action that is "intended to affect real property."[9] Actions "intended to affect real property" are defined by § 52-325 (b) as follows: "(1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property;

---

[9] "[General Statutes] Sec. 52-325. LIS PENDENS. (a) In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

(2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.''

From the face of the statute it is clear that a notice of lis pendens is appropriate only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself. See *Stratton* v. *Ward,* 39 Conn. Sup. 195, 474 A.2d 113 (1983) (interpreting § 52-325 [b] [3], where the court relied on the plain meaning of the statute). Where, as here, a party to a pending action seeks only monetary damages that will not affect the title of the real estate owned by an adverse party, a notice of lis pendens is properly discharged as it no longer serves its purpose, which is to put potential buyers of the real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property. See *Kukanskis* v. *Griffith,* 180 Conn. 501, 507, 430 A.2d 21 (1980); 51 Am. Jur. 2d, Lis Pendens § 1. Accordingly, since Steinberg no longer claims any interest or right in the real estate itself, no practical relief can follow from the reinstatement of the two notices of lis pendens discharged by the trial court. Therefore, we conclude, without deciding the merits of Steinberg's CIOA claim, that this appeal must be dismissed as moot.[10] See *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988); *Board of Education* v. *Board of Labor Relations,* 205 Conn. 116, 124–25, 530 A.2d

---

[10] On July 6, 1988, the defendants filed a motion to dismiss the instant appeal on the ground that the appeal is moot. Specifically, the defendants argue that they no longer own the subject parcels against which the notices of lis pendens had been levied, nor does Steinberg continue to claim any interest in said parcels. In light of our decision in this case, we need not specifically address the defendants' motion to dismiss.

588 (1987); *Murray* v. *Lopes,* 205 Conn. 27, 30, 529 A.2d 1302 (1987); *State* v. *Nardini,* 187 Conn. 109, 112, 445 A.2d 304 (1982); *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 249, 440 A.2d 310 (1982); *Scalo* v. *Mandanici,* 179 Conn. 140, 146–47, 425 A.2d 1272 (1979); *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901 (1973); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); *Rollins* v. *Holcomb,* 122 Conn. 664, 666, 190 A. 260 (1937).

Our present holding obviously does not bar any claim for money damages under CIOA. The plaintiffs are free to pursue the CIOA counts of their complaint and the $65,000 bond substituted for their original attachment still exists to satisfy any damages they may be able to prove.

The plaintiff Steinberg's appeal is dismissed.

In this opinion the other justices concurred.

