When an application is made to discharge a lis pendens under section 52-325a of the General Statutes the plaintiff must show that there is probable cause to sustain the validity of his claim. Section 52-325b(a) C.G.S.; Williams v. Bartlett, 189 Conn. 471, 483; Sanstrom v. Strickland, 11 Conn. App. 211,212. A lis pendens is allowed only in an action "intended to affect real property" within the meaning of section 52-325 (b) which is defined as follows: "(1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property."
This is an action to recover a broker's commission which requests monetary damages. If the plaintiff recovers he will not receive any interest in any of the parcels of land on which the lis CT Page 5752 pendens was filed, and the complaint does not allege any present interest in them. "A notice of lis pendens is appropriate only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself." Garcia v. Brooks Street Associates, 209 Conn. 15, 22. A lis pendens is properly discharged where the pending action seeks only monetary damages that will not affect the title of the real estate, since it does not put potential buyers of the real estate and creditors of its owners on notice that the property may be subject to pending adverse interests affecting the title or right to the property. Id.
The motion to discharge the lis penden Is granted.