[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DISCHARGE OF NOTICE OF LIS PENDENS
The Defendant Stanley Lessler, an attorney at law in the State of Connecticut, moves to remove a lis pendens under 52-325
of the Connecticut General Statutes.
The Plaintiff in this case is seeking money damages against Tel Mat Realty Corp. (Tel Mat) and others for contamination of the soil of property he acquired at a foreclosure sale.
The testimony at the hearing put into dispute whether the plaintiff knew of the concealment of debris in the soil or if he later gained this knowledge when a prospective buyer of a lot became aware of the illegal dumping underground. The plaintiff denies such knowledge. The bill for the burial of the hazardous material was addressed to Anthony Telesca a/k/a Dewey Telesca, an alleged agent of Tel Mat Realty Corp. The cost to remove the debris is approximately $25,000. The plaintiff seeks reimbursement for that cost, a CUTPA violation and attorneys fees. The court at the outset concludes that the conduct of the defendants was not a trade although if proven might be unethical and immoral. The court further concludes that there is not probable cause that the plaintiff will succeed in his claim under CUTPA nor for attorneys fees in his case.
The plaintiff alleges that the defendant Stanley Lessler, Trustee, participated in a fraudulent conveyance wherein one of CT Page 7686 the other named defendants, Tel Mat Realty Corp., conveyed its property to avoid its obligations when it was insolvent. The Complaint alleges in Count 10 that the defendant Tel Mat Realty Corporation transferred to the defendant Stanley Lessler, Trustee, a certain piece of real property located in Watertown and Middlebury, Connecticut, and assigned a certain mortgage granted by Harold P. Lee in an attempt to keep the described property from being taken by legal process after learning of the statutory and common law actions now brought by this plaintiff and with the intent of thereby defrauding the plaintiff and preventing him from securing payment of this indebtedness as the plaintiff claims that Tel Mat Realty was insolvent at the time of the transfer.
The plaintiff also alleges that Tel Mat and others posted signs on his property concerning the "toxic wastes" so as to prevent him from selling houses in the subdivision of the land he acquired at the foreclosure sale.
The plaintiff further claims that the defendant Tel Mat transferred its only asset for no consideration, leaving it unable to pay the plaintiff for damages.
A notice of lis pendens is appropriate in any case where the outcome of the case will in some way, either directly or indirectly affect the title to or an interest in real property. Garcia v. Brooks Street Associates, 209 Conn. 15, 22 (1988). Certainly, the relief the plaintiff seeks here, the setting aside of Tel Mat Realty, Inc.'s transfers of its real estate interests to Stanley Lessler, Trustee, "affect[s] the title to or an interest in real property." Id.
There was evidence in this case to establish probable cause that the service of notice of the lis pendens was properly performed. The sheriff testified that he made due service of the complaint and notice of lis pendens.
The plaintiff's burden on this motion is to sustain the validity of the claim. Probable cause in a civil case is "a bona fide belief the existence of fact essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment under the circumstances in entertaining it." "The purpose of a hearing is to satisfy the constitutional due process right that parties whose property rights are to be affected are entitled to be heard `at a meaningful time and in a meaningful manner.'" [citation omitted] The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." One Fawcett Place Limited Partnership v. Diamandis Communications, Inc.,24 Conn. App. 524, 525 (1991). CT Page 7687
Connecticut General Statutes 52-552 sets forth those conveyances which may be voided:
 All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns to whom such debt or duty belongs.
In Rucklen, Inc. v. Radulesco, 10 Conn. App. 271, 177 (1987), the court sets out the two tests for fraudulent conveyances:
 1. whether the conveyance was made without substantial consideration and rendered the debtor unable to pay his existing debts; or
 2. the conveyance was made with fraudulent intent in which the grantee participated.
The evidence at the hearing established probable cause that the defendant Tel Mat caused damages of about $25,000. Tel Mat owned the property when the debris was buried at the request of Dewey Telesca, an agent of Tel Mat. That the mortgage owned by Tel Mat was an interest in land transferred to Lessler without consideration and as a favor to a third party without asking any questions. Further, that at the time of the transfer the defendant Tel Mat's only asset was the mortgage that was transferred. At the time of the transfer the transferor was unable to pay the debts.
This court may infer that at the time of the transfer of the mortgage it was with the intent to avoid any debt or duty and that it was made without substantial consideration by a person who is or will be rendered insolvent.
Accordingly, the motion to dissolve the notice of lis pendens is denied.
/s/ Frank S. Meadow, J. FRANK S. MEADOW