ALFRED CORSINO *v.* ANTHONY TELESCA ET AL.
(11657)

FOTI, LAVERY and FREEDMAN, Js.

Argued June 1—decision released August 24, 1993

*Mark V. Oppenheimer,* for the appellant (defendant Stanley M. Lessler).

*James P. Brennan,* for the appellee (plaintiff).

LAVERY, J. The defendant Stanley M. Lessler, trustee,[1] appeals from the denial by the trial court of his motion to discharge a notice of lis pendens. The defendant claims that the trial court improperly (1) ruled that the lis pendens secured by the plaintiff without a hearing should not be discharged, (2) found that notice of the lis pendens was given in accordance with the appropriate statute, (3) found that there was probable cause to sustain the validity of the plaintiff's claim to support the maintenance of the lis pendens, (4) found that the plaintiff's complaint alleges an interest that affects real property, (5) failed to find that the institution and maintenance of the lis pendens on property belonging to the defendant is an improper attempt

---

[1] The appellant in this appeal is Stanley M. Lessler, trustee. We will refer to him as the defendant.

on the part of the plaintiff to attach property and funds belonging to the defendant, and (6) found that the transfer from Tel Mat Realty Corporation to Lessler was a fraudulent conveyance. We affirm the judgment of the trial court.

The following procedural history is relevant to the disposition of this appeal. The plaintiff, Alfred Corsino, brought a ten count complaint seeking money damages against Tel Mat Realty Corporation and others for the contamination of the soil of the property he acquired at a foreclosure sale. The tenth count of the complaint alleges fraudulent conveyance against Lessler. The plaintiff alleged that after Tel Mat, its agents, servants and employees committed the statutory and common law torts set forth in the complaint, Tel Mat learned that an action would soon be commenced against it, so it conveyed the property and assigned a related mortgage to Lessler for no consideration. The plaintiff alleged that Tel Mat conveyed the property and assigned the mortgage to Lessler "to avoid any debt it may owe or may owe in the future or duty it may have or which may arise in the future to other parties and/or to avoid the payment of any judgment entered against it as a result of said actions." The plaintiff placed a lis pendens on the property in anticipation of litigation in accordance with General Statutes § 52-325.[2] The defendant moved to remove the lis pen-

[2] General Statutes § 52-325 provides: "(a) In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the

dens. A hearing on the defendant's motion was held, and the trial court denied his motion.

action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered.

"(b) As used in this section, actions 'intended to affect real property' means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.

"(c) Notwithstanding the provisions of subsection (a) of this section, no recorded notice of lis pendens shall be valid or constitute constructive notice thereof unless the party recording such notice, not later than thirty days after such recording, serves a true and attested copy of the recorded notice of lis pendens upon the owner of record of the property affected thereby. The notice shall be served upon the owner, if he resides in the same town in which the real property is located, by any indifferent person, by leaving a true and attested copy of such recorded notice with him or at his usual place of abode. If the property owner does not reside in such town, such copy may be served by any indifferent person, by mailing such copy, by registered or certified mail, to the owner at the place where he resides. If such copy is returned unclaimed, notice to such property owner shall be given by publication in accordance with the provisions of section 1-2. If the property owner is a nonresident individual, or foreign partnership, or his or its executor or administrator, the notice may be served upon the secretary of the state as provided in subsection (c) of section 52-59b and if the property owner is a foreign corporation, the notice may be served as provided in section 33-411 or 33-519. When there are two or more property owners of record, a true and attested copy of such recorded notice shall be so served on each property owner. A certified copy of the recorded notice

We note at the outset that the sole purpose of the hearing that gave rise to the trial court order resulting in this appeal was to determine whether there was probable cause to sustain the lis pendens.[3] The merits of the case were not argued by counsel or decided by the trial court, but, rather, the hearing was conducted within the parameters of General Statutes § 52-325b.[4] Because the defendant's third claim is the only claim that directly addresses the dispositive issue of probable cause, we turn to it first.

Our rules regarding the standard of proof for establishing probable cause are well settled. It is important to remember that the plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Village Linc Corporation* v. *Children's Store, Inc.,* 31 Conn. App. 652, 657, 626 A.2d 813 (1993), citing *Dow & Condon, Inc.* v. *Anderson,* 203 Conn. 475, 479, 525 A.2d 935 (1987). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for

of lis pendens, with the return of the person who served it, endorsed thereon, shall be returned to the party who recorded such notice."

[3] At the outset of the proceedings on July 10, 1992, the trial court said: "I'd like to point out to you gentlemen before we start, this is a hearing in probable cause. It is not a hearing to determine the merits of the case or the count . . . . And I'm going to make this observation for the parties so that they can guide themselves accordingly. Hearing is limited to determination of existence of probable cause to sustain the validity of the plaintiff's claims. If the court finds probable cause, the [lis pendens] shall be granted as requested or as modified by the court."

[4] General Statutes § 52-325b provides: "(a) Upon the hearing held on the application or motion set forth in section 52-325a, the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim. Any property owner entitled to notice under subsection (c) of section 52-325 may appear and be heard on the issue.

"(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the claim is established, or (2) order such notice of lis pendens discharged of record if probable cause to sustain the validity of the plaintiff's claim is not established."

the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. *Wall* v. *Toomey*, 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983)." (Internal quotation marks omitted.) *Village Linc Corporation* v. *Children's Store, Inc.*, supra, 657–58, citing *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984), and *Goodwin* v. *Pratt*, 10 Conn. App. 618, 623, 524 A.2d 1168 (1987). Thus, we must determine whether the trial court's determination that probable cause exists to sustain the plaintiff's claim was clearly erroneous. *Village Linc Corporation* v. *Children's Store, Inc.*, supra, 658.

The trial court's determination of probable cause is based on certain factual findings. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

A notice of lis pendens is appropriate in any case where the outcome of the case will in some way, either directly or indirectly, affect the title to or an interest in real property. *Garcia* v. *Brooks Street Associates*, 209 Conn. 15, 22, 546 A.2d 275 (1988). "As [General Statutes] § 52-325 (a) provides, the purpose of [notice of lis pendens] is to bind any subsequent purchaser or encumbrancer 'as if he were made a party to the action' described in the lis pendens. '[A] notice of lis pendens ensures that the [litigant's] claim cannot be defeated by a prejudgment transfer of the property. . . . [T]he lis pendens procedure provides security for payment

of the claim pending final resolution of the case.' *Williams* v. *Bartlett,* 189 Conn. 471, 479–80, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983)." *Dunham* v. *Dunham,* 217 Conn. 24, 34, 584 A.2d 445 (1991). The governing statutes contemplate that a property owner burdened by a notice of lis pendens may rightfully challenge its validity on two independent grounds: (1) the absence of probable cause to sustain the lis pendens claim; or (2) noncompliance with the procedural requirement of an effective lis pendens notice. Id., 35. In the present case, the defendant challenged the notice of lis pendens on the former ground, and a hearing on the issue was held in accordance with the applicable statutes.

After a hearing at which both parties presented evidence, the trial court, on August 14, 1992, issued a memorandum of decision in which it concluded as follows: "The evidence at the hearing established probable cause that the defendant Tel Mat caused damages of about $25,000. Tel Mat owned the property when the debris was buried at the request of Dewey Telesca, an agent of Tel Mat. That the mortgage owned by Tel Mat was an interest in land transferred to Lessler without consideration and as a favor to a third party without asking any questions. Further, that at the time of the transfer the defendant Tel Mat's only asset was the mortgage that was transferred. At the time of the transfer the transferor was unable to pay the debts.

"This court may infer that at the time of the transfer of the mortgage it was with the intent to avoid any debt or duty and that it was made without substantial consideration by a person who is or will be rendered insolvent."

Our review of the record reveals that the trial court's findings of fact are supported by the evidence adduced at trial, and are not clearly erroneous. Further, the trial

court's findings support its determination of probable cause that the property was fraudulently conveyed. " 'In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesseses. . . .' (Citations omitted; internal quotation marks omitted.) *Sweet* v. *Sumnerbrook Mill Development Corporation,* 21 Conn. App. 191, 193, 572 A.2d 385 (1990)." *Village Linc Corporation* v. *Children's Store, Inc.,* supra, 657.

We turn now to the defendant's remaining claims, which, to one degree or another, all are linked to the defendant's third, dispositive claim.

The defendant claims that the trial court improperly ruled that the lis pendens secured by the plaintiff without a hearing should not be discharged. Through this claim, the defendant broadly restates his claim that the trial court should have discharged the lis pendens. The defendant has not briefed this issue separately, nor has he set forth any argument regarding a lack of hearing or due process as implied by the claim. Claims mentioned but not adequately briefed are deemed abandoned. *State* v. *Rumore,* 28 Conn. App. 402, 410–11, 613 A.2d. 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992). We therefore decline to review this claim.

The defendant claims that the trial court improperly found that the notice of the lis pendens was given in accordance with the appropriate statute. With respect to the issue of notice, the trial court found as follows: "There was evidence in this case to establish probable cause that the service of the notice of lis pendens was properly performed. The sheriff testified that he made due service of the complaint and the notice of lis pendens." Applying the well settled clearly erroneous standard we earlier stated, we conclude, in light of our

review of the record, that the trial court's finding that proper notice of lis pendens was given was not clearly erroneous. We further note, as we did previously, that a challenge to the procedural requirements of effective lis pendens notice is an independent ground, distinct from a probable cause challenge and governed by a different section of the General Statutes. We repeat that the sole purpose of the hearing in the trial court was to determine if probable cause existed to sustain the notice of lis pendens.

The defendant claims that the trial court improperly found that the plaintiff's complaint alleges an interest that affects real property. The trial court specifically concluded, with respect to this issue, that "the relief the plaintiff seeks here, the setting aside of the transfers of Tel Mat Realty, Inc., of its real estate interests to Stanley Lessler, Trustee, 'affect[s] the title to or an interest in real property.' [*Garcia* v. *Brooks Street Associates,* 209 Conn. 15, 22, 546 A.2d 275 (1988)]." After reviewing the record, we again conclude, in light of the clearly erroneous standard, that the trial court properly concluded that the relief requested would affect the title to or interest in real property.

The defendant claims that the trial court improperly failed to find that the institution and maintenance of the lis pendens on property belonging to the defendant is an improper attempt on the part of the plaintiff to attach property and funds belonging to the defendant. This fact based claim does not challenge a decision the trial court made but, rather, asserts what the defendant believes the trial court should have found. We repeat that the purpose of the hearing in the trial court was to determine whether there was probable cause sufficient to sustain the plaintiff's application for lis pendens. The trial court found that there was. This claim was not within the scope of the hearing, it was

not properly raised in the trial court, and it was not adequately briefed by the defendant. We decline to review it.

The defendant's final claim is that the trial court improperly found that the transfer from Tel Mat Realty Corporation to the defendant was a fraudulent conveyance. This claim is without merit because it rests on a faulty premise. The trial court did not *find* that the transfer from Tel Mat to the defendant was a fraudulent conveyance but, rather, it found *probable cause* to sustain the plaintiff's claim that the transfer was a fraudulent conveyance. The burden of proof for a finding of probable cause is less than the normal burden of proof required in a civil matter—a preponderance of the evidence. If this case goes to trial, then the trier of fact will determine whether a fraudulent conveyance occurred.

The judgment is affirmed.

In this opinion the other judges concurred.