[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARYJUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, John Tremaine, and the defendant, Nancy Tremaine, were married in 1972. On February 5, 1988, the trial court (Novack, J.) rendered a judgment dissolving the parties' marriage. In rendering its judgment, the trial court approved the parties' separation agreement and incorporated it by reference into the divorce decree. Two years after the marital dissolution judgment had been rendered, the defendant, in accordance with the terms of the separation agreement, filed a motion seeking alimony from the plaintiff. The trial court awarded the defendant both lump sum and periodic alimony, but denied the defendant's request for attorney's fees. Tremaine v. Tremaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 083193 (February 14, 1992, Driscoll, S.T.R.)
On appeal, the Appellate Court concluded that the separation agreement incorporated by reference into the marital dissolution judgment did not permit an award of lump sum alimony and reversed the judgment of the trial court, remanding the case with direction to establish an appropriate award of periodic alimony to the plaintiff. Tremaine v. Tremaine, 34 Conn. App. 785, 801,643 A.2d 1291 (1994). The Supreme court agreed with the Appellate Court that the trial court's award of lump sum alimony was not authorized under the marital dissolution judgment and affirmed that portion of the Appellate Court's judgment. Tremaine v.Tremaine, 235 Conn. 45, 48, 663 A.2d 387 (1995).
On December 26, 1995, the plaintiff commenced the present action against the defendant, seeking damages and attorney fees CT Page 2924 based on breach of contract and intentional tort. The plaintiff alleges that the terms of the separation agreement prohibited the defendant from seeking an award of lump sum alimony or attorney's fees. Therefore, the plaintiff claims that the defendant breached their contract by seeking an award of lump sum alimony and attorney's fees in violation of the terms of their separation agreement.
On June 17, 1996, the defendant filed a motion for summary judgment on the ground that the present action is barred by the doctrines of res judicata and collateral estoppel and by the Noerr-Pennington doctrine. In support of this motion, the defendant filed a memorandum or law. On August 19, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion, along with an affidavit by John Tremaine.
Thereafter, on August 20, 1996, the plaintiff filed a motion for partial summary judgment on the ground that there is no genuine issue of material fact with respect to the defendant's liability for breach of contract. In support of this motion the plaintiff filed a memorandum of law along with a copy of the parties separation agreement. The defendant filed an opposing memoranda of law on October 31, 1996.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
I. The Defendant's Motion for Summary Judgment (#107)
The defendant argues that the plaintiff's claims were litigated or could have been litigated in a prior 1994 action in which the plaintiff sought essentially the same relief. Therefore, the defendant argues that the plaintiff is precluded CT Page 2925 from raising these claims in the present action under the doctrine of res judicata. In addition, the defendant argues that the filing of a non-sham lawsuit is absolutely privileged under the Noerr-Pennington doctrine, and that the present action is subject to dismissal pursuant to that doctrine.
In his opposing memorandum, the plaintiff argues that although his 1994 action upon the same claims was dismissed under the dormancy program pursuant to Practice Book § 251, the dismissal of an action for failure to prosecute pursuant to Practice Book § 251 does not constitute an adjudication on the merits for purposes of res judicata. Furthermore, the plaintiff argues that the Noerr-Pennington doctrine is not applicable to the present case because it is limited to antitrust matters and free speech and does not apply to private contract or tort claims.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) DeMilo Co. v. Commissioner of MotorVehicles, 233 Conn. 281, 292, 659 A.2d 162 (1995). The Connecticut Supreme Court has held, however, that "a dismissal for failure to prosecute pursuant to Practice Book § 251 . . . is not an adjudication on the merits that can be treated as res judicata." Milgrim v. Deluca, 195 Conn. 191,194-95, 487 A.2d 522 (1985), citing Gionfrido v. Wharf RealtyInc., 193 Conn. 28, 34 n. 6, 474 A.2d 787 (1984). The plaintiff's prior action was dismissed on June 16, 1995, under the dormancy program pursuant to Practice Book § 251. See Tremaine v.Tremaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139371 June 16, 1995). Accordingly, the dismissal of the plaintiff's prior action is not an adjudication on the merits that can be treated as res judicata.
The defendant failed to brief her claim based on collateral estoppel or issue preclusion. "Claims mentioned but not adequately briefed are deemed abandoned." Corsino v. Telesca,32 Conn. App. 627, 634, 630 A.2d 154, cert. denied,227 Conn. App. 931, 632 A.2d 703 (1993).
The second ground that the defendant raises in support of her motion for summary judgment is the Noerr-Pennington doctrine. The "Noerr-Pennington" doctrine exempts from antitrust liability activities which attempt to influence legislative, executive, CT Page 2926 administrative or judicial action "unless the conduct falls within the sham exception to the doctrine." Gamlestaden PLC. v.Backstrom, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130060 (May 17, 1995, Karazin, J.). It is found that "[t]he defendant has failed to show the applicability of the `Noerr-Pennington' doctrine to the present action and has failed to show how the plaintiff's action is barred by the `Noerr-Pennington' doctrine." Tremaine v. Tremaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149565 (May 1, 1996, Karazin, J.).
Based upon the foregoing, the defendant's motion for summary judgment is denied.
II. The Plaintiff's Motion for Summary Judgment (#110)
In his supporting memorandum, the plaintiff argues that the facts clearly demonstrate that the defendant entered into a contract with the plaintiff that did not entitle her to an award of lump sum alimony or attorney's fees. According to the plaintiff, the defendant breached the separation agreement when she pursued claims for lump sum alimony and attorney's fees against the plaintiff, and she has no defense to liability on the breach of contract claim. Therefore, the plaintiff argues that he is entitled to partial summary judgment as to liability on his breach of contract claim.
In her opposing memorandum, the plaintiff argues that the present case involves an issue of the parties' intent in entering into the separation agreement, and that where a dispute involves issues of motive and intent, it is "particularly inappropriate" for summary judgment. According to the plaintiff, the Supreme Court has repeatedly held that what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, which is an question of fact to be determined by the trier of fact. Therefore, the defendant argues that the parties intent in entering into the separation agreement raises an issue of fact precluding summary judgment.
"Absent . . . definitive contract language, the . . . interpretation of a contract, being a determination of the parties' intent, is a question of fact . . . ." Tremaine v.Tremaine, 235 Conn. 45, 57, 663 A.2d 387 (1995). The Supreme Court has determined that the defendant in the present case was not entitled to an award of lump sum alimony under the terms of CT Page 2927 the separation agreement. Id. 58.
In the plaintiff's affidavit submitted on the issues of summary judgment the plaintiff stated:
 "17. Based upon all of the facts and information available to me, it is clear to me that my former wife, knowingly, intentionally and wrongfully engaged in conduct which was, in part, intended to cause me harm, financially and emotionally, and I was, in fact, so harmed.
18. Nancy Tremaine breached our agreement when she requested an award of lump sum alimony and an award of counsel fees.
19. At all times relevant to the claims set forth in my complaint, Nancy Tremaine know, or should have known, that she was violating the terms of our Separation Agreement and I also believe she was acting out of spite and malice to injure me." Clearly those statements raise substantial factual issues.
It is well settled that the intention of the parties, which involves determinations concerning scienter, is an issue of fact to be determined by the trier of fact. First Hartford RealtyCorp. v. Ellis, 181 Conn. 25 (1980); Jacob v. Seabord Inc.,28 Conn. App. 270, cert. denied, 223 Conn. 923 (1992). What the defendant intended in pursuing the Modification Action cannot be determined on summary judgment. Summary judgment procedure is "particularly inappropriate" where the inferences that the parties seek to have drawn concern questions of intent. Batik v.Seymour, 186 Conn. 632, 646-47, 443 A.2d 471 (1982), citingUnited Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,376, 260 A.2d 596 (1969). Accordingly, the court finds that on issues of facts, motive and intent exists as to whether the defendant's conduct amounted to a breach of contract or an intentional tort.
Based upon the foregoing, both the plaintiff's and the defendant's motions for summary judgment are denied.
RYAN, J. CT Page 2928