[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE LIS PENDENS
The defendants in the captioned matter seek the discharge of a lis pendens filed against real property in the City of Hartford known as the Cutter Site. For the reasons set forth below, the motion to discharge lis pendens is granted.
On May 23, 1997, the plaintiff, Dana Wright (hereinafter "Wright"), acting pro se, brought the present case in a two count complaint alleging discrimination and tortious interference. Wright brought the case on behalf of himself, Colleen Pendleton ("Pendleton"), and a corporation described as Lewis Street Holding Company, LLC. Thereafter, on June 23, 1997, Wright, Pendleton and Lewis Street Holding Company filed a notice of lis pendens on the Hartford land records against the Cutter Site. The initial complaint alleged that Wright and Pendleton were general partners and majority owners of Lewis Street Holding Company. The CT Page 1953 gist of the complaint is that Lewis Street Holding Company was wrongfully deprived of the opportunity to become their developer of the Cutter Site. The complaint alleged that the refusal of the City of Hartford and other defendants to go forward with the proposal was because Wright and Pendleton were both African-American and that such refusal was the result of discriminatory practices.
Pursuant to motion filed by the defendants, the court (Sullivan, J.) on August 8, 1997, dismissed any claims sought to be brought by Pendleton or Lewis Street Holding Company. The court ruled, in effect, that Wright had improperly brought a lawsuit on their behalf. The court refused to dismiss Wright's individual discrimination claims.
On September 8, 1997, after the motion to dismiss was ruled upon, Wright filed an amended complaint that restated the discrimination and tortious interference claims. The discrimination count specifically alleged a violation of General Statutes § 46a-58 (a) and §§ 46a-64 (a)(1) and (2).
Following the filing of the amended complaint, the defendants moved to discharge the lis pendens. The defendants assert that discharge of the lis pendens is required because: (1) the notice is invalid pursuant to General Statutes § 52-325d; and (2) the plaintiff cannot meet the probable cause burden imposed by General Statutes § 52-325b(a).
1. NOTICE
 A. § 52-325d(4) — Effect of Dismissal of Claims of Pendleton and Lewis Street Holding Company
The defendants claim that the notice of lis pendens which lists Wright, Pendleton and Lewis Street Holding Company as plaintiffs, became ineffective when the suit was dismissed ab initio as to Pendleton and Lewis Street Holding Company for lack of process. The defendants rely on § 52-325d(4) which provides that when a recorded notice of lis pendens has become of no effect, a court shall order such notice of lis pendens invalid and discharged.
The problem with the defendants' argument is that while the order of Judge Sullivan dismissing the case as to Pendleton and Lewis Street Holding Company reduced the scope of the lawsuit, it did not render it ineffective as to Wright's claims. In other CT Page 1954 words, even after the dismissals, the notice of lis pendens was still "effective" as to the claims of Wright which were not dismissed. Accordingly, the court declines to discharge the lis pendens on this ground.
B. § 52-325d(1) — Intent to affect real property
The defendants also claim that the notice of lis pendens should be discharged because Wright s claims are not intended to affect real property. § 52-325d(1). Under § 52-325d(1), if a notice of lis pendens is filed for an action that is not intended to affect real property, it shall be discharged.
The phrase "intended to affect real property" is defined by statute and means:
 (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property;
 (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property;
 (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.
General Statutes § 52-325 (b).
Wright's amended complaint seeks monetary damages and equitable relief. The equitable relief seeks a permanent injunction barring the City of Hartford from conveying the Cutter Site to anyone other than Wright or Lewis Street Holding Company as well as an order directing the City of Hartford to convey the property to him or Lewis Street Holding Company for $700,000. As stated above, Wright's amended complaint is based upon his personal claims of discrimination and tortious interference.
The court finds that Wright's action is not in the nature of an action to quiet title whose object and purpose is to determine the title or rights in, to, under or over real property. Nor is the action similar to a foreclosure whose object and purpose is to establish or enforce previously acquired interests in real property. Therefore it does not meet the requirements of §§ CT Page 195552-325 (b)(1) or (2).
The question becomes whether Wright's amended complaint which seeks equitable relief in addition to monetary damages "may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property. § 52-325 (b)(3). It is clear under Connecticut law that Wright's claim for monetary damages alone will not support the continuation of the notice of lis pendens since the result of the suit, i.e. awarding of money damages, will not affect the title or right to real estate. Garcia v. Brooks Street Assoc., 209 Conn. 15, 22 (1988).
Wright's equitable claims for a permanent injunction and order directing the conveyance of the Cutter Site to him or Lewis Street Holding Company do have the potential to affect the title or right to the property. The issue is whether Wright has standing to seek this form of relief.
The defendants claim that Wright's discrimination count is rooted in statutes that do not provide for the equitable relief he seeks. They also assert that the tortious interference with contract claim does not support injunctive relief because, (1) the contract that is the subject of the action has been terminated, and (2) specific performance does not lie because the contract was with Lewis Street Holding Company and not Wright. Moreover, as a general matter, the defendants argue that Wright lacks standing to seek equitable remedies on behalf of Lewis Street Holding Company. In response, Wright claims that the "Release to Sue" authorization he received from the Connecticut Commission on Human Rights and Opportunities ("CCHRO") provides him with wide ranging authority to seek equitable remedies to redress discrimination. In addition, Wright asserts that he is Lewis Street Holding Company and therefore should be able to act on its behalf.
With respect to the equitable claims stemming from the tortious interference count, the court finds that there are no cognizable personal claims of Wright that can fairly be construed to affect real property. Wright, a natural person, and Lewis Street Holding Company, a corporation, are separate legal entities. This fact was underscored in this case when Lewis Street Holding Company's claims were dismissed because Wright had improperly sought to bring suit on its behalf. Bearing the distinction between the two in mind, the court finds that Wright cannot compel specific performance of the purchase contract to himself since he was not a party to the contract, nor can he demand specific performance to Lewis Street CT Page 1956 Holding Company who is not a party to this suit.
With respect to the claim for injunctive relief, since Wright was not a party to the contract and the contract has been terminated, injunctive relief to prevent future tortious interference with the contract does not lie.
As to the discrimination count, the availability of equitable remedies turns on the specific statutory basis for the suit. In a so-called "Release to Sue" letter dated February 24, 1997, the CCHRO released its jurisdiction over Wright's complaint and authorized him to bring suit. In the letter, the CCHRO noted that "the complaint alleges a violation under § 46a-60 C.G.S." On the strength of that authorization, Wright brought this action which, in count one of the amended complaint, alleges that the defendants engaged in discriminatory practices that deprived Wright of his rights and privileges guaranteed by General Statutes § 46a-58 and §§ 46a-64 (a)(1) and (2).
The Release to Sue letter notes that the complaint alleges a violation of § 46a-60. This statute prohibits discriminatory employment practices by employers, labor organizations and others. Private actions brought pursuant to such authorizations are governed by §§ 46a-100, et seq. While such actions may seek wide ranging legal and equitable relief, such relief is only applicable to claims of discriminatory employment practices.
In this case, the discrimination count does not claim discriminatory employment practices, nor does it rely on §46a-60. To the contrary, the count is based on § 46a-58
(deprivation of rights), § 46a-64 (a)(1) (denial of public accommodation) and § 46a-64 (a)(2) (discrimination). All of these statutes are penal in nature. There is no statutory authorization to bring private actions based on a violation of the above statutes, nor does the Release to Sue letter authorize such an action.
In sum, there is no statutory or other basis to support Wright's claims to equitable relief to redress his discrimination claims. Therefore, although the complaint purports to affect real property, there is no cognizable claim that will have such effect. Accordingly, the motion to discharge lis pendens must be granted on this ground.[1]
So Ordered at Hartford, Connecticut this 13th day of February, 1998. CT Page 1957
Robert J. Devlin, Jr., Judge