[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action which was returnable to court on December 1, 1998, the plaintiffs are seeking money damages from the defendant in a claim arising out of the alleged destruction of an eight to ten foot by sixty foot swath of trees, shrubs and wildflowers on the plaintiffs' property located in Guilford, Connecticut. The defendant owns vacant property located next door to the plaintiffs. The plaintiffs claim that the defendant is responsible for this destruction under various legal theories and is seeking damages and statutory treble damages for the value of the growth destroyed and for the loss of their "private walk to the water."
On December 17, 1998, the plaintiffs recorded a notice of lis pendens affecting the real property owned by the defendant on the land records of the Town of Guilford. The lis pendens includes an allegation, with reference to the pending lawsuit, that "the object of said action is an acknowledgment of the boundary between the parties, money damages for damages done to the plaintiff's property."
On December 23, 1998, the defendant filed an application for discharge of lis pendens. This application was heard by the undersigned on January 27, 1999 at an evidentiary hearing.
The lis pendens statute, General Statutes Section 52-325(a) provides in pertinent part that a lis pendens may be filed in an action that is "intended to affect real property." The statute then goes on in subsection (b) to define that language.
 As used in this section, actions "intended to affect real property" means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce CT Page 1004 previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.
This action is one where the plaintiffs are seeking money damages. Although there a reference to the "boundary between the parties" included in the lis pendens, the complaint makes no such allegation, and the court heard no evidence or argument which would indicate that the location of the property line is an issue in this case. This case does not affect the title to the defendant's property in any way and therefore the lis pendens is improper. See Garcia v. Brooks Street Associates, 209 Conn. 15. The motion to discharge the lis pendens is granted.
Hadden, Judge Trial Referee