[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to quiet title to a certain parcel of real property. In its complaint filed March 26, 1998, the plaintiff, Winding Trails, Inc. (hereinafter, "WTI"), alleges that it is the "absolute owner and in possession" of a certain parcel of real property known as the "Second Piece."[1] The defendant, Alma Taylor, disputes this. The Second Piece is a fifty foot wide strip of land that runs along, and is contiguous with, a 34 acre parcel (hereinafter, "the 34 acre parcel") of land owned by the defendant Alma Taylor.[2]
I. FACTUAL BACKGROUND
WTI alleges that it received an absolute interest in the Second Piece through a warranty deed from Dunning Sand Gravel Company, Inc. (hereinafter, "Dunning"), to The Recreation Association (which is now WTI), dated June 11, 1973 and recorded in the Farmington land records on July 23, 1973. WTI further CT Page 5073 alleges that the defendant, Alma Taylor, also claims an interest in the Second Piece. Thus, WTI seeks a determination of the rights of the parties to the Second Piece.
In the second count of the complaint, WTI argues that it has acquired "sole and exclusive title" to the Second Piece by adverse possession. As such, WTI requests that this court order the defendant to convey to WTI all rights, title or interests in the Second Piece. Also, WTI seeks a court order extinguishing the defendant's interest in the Second Piece.
On March 24, 1998, in connection with the foregoing action, WTI filed a notice of lis pendens pursuant to General Statutes § 52-325[3], and also a statutory Notice pursuant to General Statutes § 52-575.[4] On June 10, 1997, the notice of lis pendens was recorded with the Farmington town clerk. Of particular importance here, the notice of lis pendens encumbers both the Second Piece and the aforementioned 34 acre parcel as does the Notice filed pursuant to § 52-575 of Connecticut General Statutes.
II. ISSUES PRESENTED
Presently before the court is the defendant's motion to dissolve and/or modify the notice of lis pendens affecting the 34 acre parcel of real property. The defendant also requests that this court discharge the adverse possession notice. In accordance with the reasoning that follows, this court grants the defendant's application to dissolve the lis pendens with regards to the 34 acre parcel. This court declines to address the defendant's second request regarding the notice of adverse possession in the absence of express authorization.[5]
III. LEGAL DISCUSSION
The defendant argues in support of the motion to dissolve the notice of lis pendens that WTI's complaint seeks to determine the rights and interests in the Second Piece only, not the 34 acre parcel owned by the defendant. Therefore, the defendant contends that any rights WTI may have in this action are limited to the Second Piece, and the notice of lis pendens encumbering the 34 acre parcel must be dissolved.
WTI claims in opposition to the motion to dissolve that pursuant to General Statutes § 52-325(b)(3), if a subject action even indirectly affects a piece of real property, then a notice CT Page 5074 of lis pendens may be filed with respect to that indirectly affected property. Moreover, WTI maintains that this action indirectly affects the 34 acre parcel because if it is established that WTI has an easement interest only in the Second Parcel, then by necessity, the defendant has ownership of both the 34 acre parcel and the Second Piece itself rendering the 34 acre parcel and the Second Piece one piece of real property. As a result, the plaintiff asserts that the 34 acre parcel is indirectly affected by the present action, and the notice of lis pendens filed on the land records of the 34 acre parcel is, thus, appropriate.
"General Statutes § 52-325(a) states that a notice of lis pendens may be filed by a party to an action that is `intended to affect real property.'" Garcia v. Brooks Street Associates,209 Conn. 15, 21, 546 A.2d 275 (1988). "Actions" `intended to affect real property' are defined by 52-325(b) as follows: `(1) actions whose object and purpose is to determine the title and rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such property.'" Id., 21-22.
Here, neither of the first two subdivisions are applicable. The present action clearly is not intended to determine the rights or ownership of the 34 acre parcel. Nor is this action brought to establish or enforce previously acquired interests in the 34 acre parcel. The allegations of WTI's complaint concern only the ownership of, and rights to, the fifty foot strip of land known as the Second Piece. Thus, only subdivision (3) of subsection (b) is potentially applicable.
The Connecticut Supreme Court has stated that "[f]rom the face of [General Statutes § 52-325(b)] it is clear that a notice of lis pendens is appropriate only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself" Garcia v. BrooksStreet Associates, supra, 209 Conn. 22; Corsino v. Telesca,32 Conn. App. 627, 632, 630 A.2d 154, cert. denied, 227 Conn. 931,632 A.2d 702 (1993) (notice of lis pendens appropriate in any action where outcome of action will in some way, either directly or indirectly, affect title to or interest in real property). CT Page 5075
In the present action, the key to the plaintiff's argument that the notice of lis pendens affecting the 34 acre parcel is appropriate is predicated on the following assumption. WTI presumes that if the defendant is correct in its contention that WTI has only an easement interest in the Second Piece, then the Second Piece and the 34 acre parcel would not be two separate pieces of real property, but rather they would actually be one piece of real property. The defendant reasons that because the two parcels of property owned by the defendant would be in reality only one piece of property subject to easement, then the 34 acre parcel of property is clearly "affected" by the present action, and the lis pendens is appropriate.
This court finds that because WTI's reasoning is flawed the notice of lis pendens regarding the 34 acre parcel must be dissolved.
In Connecticut, it is well recognized that "[c]ontiguous land all owned by the same proprietor does not necessarily constitute a single lot. . . . Whether a merger of contiguous parcels of land has occurred depends on the intention of the owner"; and an owner's intent is a factual issue. (Citation omitted; Internal quotation marks omitted.) Carbone v. Vigliotti, 222 Conn. 216,227, 610 A.2d 565 (1992); Molic v. Zoning Board of Appeals,18 Conn. App. 159, 164, 556 A.2d 1049 (1989) ("owner of contiguous parcels of land may merge those parcels to form one tract if he so desires to do so"). The one exception through which mergers of real property may occur by operation of law is by either express or implicit zoning regulations. Molic v. Zoning Board of Appeals, supra, 18 Conn. App. 164. Here, there is no evidence of any zoning regulation mandating that contiguous parcels of land under common ownership merge.
Contrary to the WTI's argument then, a finding in the present action that WTI has an easement interest only in the Second Piece will not create, by operation of law, a single parcel of property consisting of the Second Piece and the 34 acre parcel. The two parcels of property will remain as they are presently: separate. Thus, WTI's claim that the 34 acre parcel is indirectly affected by the present action is unfounded.
Furthermore, "the purpose of [the notice of lis pendens] is to bind any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. [A] notice of lis pendens ensures that the [litigant's] claim cannot CT Page 5076 be defeated by a prejudgment transfer of the property. . . . [T]he lis pendens procedure provides security for payment of the claim pending final resolution of the case." (Internal quotation marks omitted.) Corsino v. Telesca, supra, 32 Conn. App. 632-33. "The notice of lis pendens puts potential buyers of real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property." Garcia v. Brooks Street Associates, supra. 209 Conn. 22.
In the instant case, the dissolution of the notice of lis pendens encumbering the 34 acre parcel is consistent with the public policy underlying General Statutes § 52-325 in that, so long as the defendant sells the 34 acre parcel only, and not the Second Piece, there should be no adverse effect to any purchaser of the 34 acre parcel. It is undisputed by the parties that the defendant absolutely owns the 34 acre parcel. This action concerns only the Second Piece.
Consequently, this court finds that the present action is not one "intended to affect" the 34 acre parcel, either directly or indirectly, within the meaning of General Statutes § 52-325(b)(3). (Parties Stip. ¶ A.); Garcia v. Brooks Street Associates, supra,209 Conn. 21-22. The present action, as expressly stated in the complaint, was brought specifically to determine the interests in, and ownership of, the Second Piece only.
Accordingly, because the 34 acre parcel is not subject to any pending adverse action, there is no purpose for the notice of lis pendens to encumber the 34 acre parcel, and motion to dissolve must be granted. See Wheeler v. Polasek, 21 Conn. 32, 33,571 A.2d 129 (1990) (notice of lis pendens filed in action not affecting real property within meaning of General Statutes § 52-325
(b) properly discharged); Bushka v. Bushka, Superior Court, judicial district of Waterbury, Docket No. 126366 (January 14, 1998, Vertefeuille, J.) (where action not intended to affect real property pursuant to General Statutes § 52-325(b), motion to dissolve notice of lis pendens appropriate). The motion to dissolve the notice of lis pendens referencing the defendant's 34 acre parcel is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT