[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S APPLICATION FOR DISCHARGE OF JUDGMENT LIEN (#101)
Before the court is the defendant Madeline Smith's Application for Discharge of Judgment Lien (#101). Previously, this court had granted CT Page 10609 said application on October 9, 2001. Thereafter, on March 15, 2002, this court granted the plaintiff's Motion to Open Discharge of Judgment Lien (#103). This court heard oral argument on the application on April 29, 2002. Supplemental briefs were filed by the plaintiff on May 7, 2002 (#104) and by the defendant on May 13, 2002 (#105).
The relevant facts are as follows. On May 17, 2000, the plaintiff obtained a judgment against the defendant's then husband, Michael Smith, and a judgment lien was recorded on the land records on the subject property on May 23, 2000. (Exhibit A to plaintiff's brief.) The lien itself states that it "relates back to an attachment of real property recorded on October 25, 1999." (Exhibit A.)
During the pendency of the plaintiff's case against Michael Smith, the defendant herein and Michael Smith were in the process of obtaining a divorce. On September 29, 1999, pursuant to General Statutes § 46b-80, the defendant herein filed a lis pendens on the land records in the matter of Madeline Smith v. Michael Smith, Docket Number FA-99-89452. On August 4, 2000, the court, Spallone, J., ordered Michael Smith to convey his interest in the subject property to Madeline. Michael Smith's quit claim deed was recorded on October 19, 2000. (Exhibit A to #101.)
"The purpose of the notice of lis pendens is to put third persons, i.e. . . . creditors of its owners, on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property. Garcia v. Brooks Street Associates, 209 Conn. 15, 22
(1988). It serves as a warning to others that rights that they may acquire will be subject to any valid judgment entered. 54 C.J.S. Lis Pendens, § 31, p. 413. Any interested party may file a motion under § 52-325d of the General Statutes to discharge and invalidate the notice of lis pendens." (Internal quotation marks omitted.) Meehan v.Meehan, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. FA93-302576, (August 22, 1994, Thim, J.). "[T]he plain language of § 46b-80 provides that any encumbrancer whose interest is recorded after the lis pendens shall be deemed a subsequent encumbrancer." Rosenberg v. Winer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV94-316570, (January 17, 1997, West, J.).
In this case, the defendant's lis pendens was recorded prior to the plaintiff's judgment against Michael Smith and prior to any prejudgment attachment of the property. The plaintiff was, therefore, on notice that its own interest in the property was junior to those of the defendant. Further, the plaintiff took no action to invalidate the lis pendens. The property has now been conveyed to the defendant alone and the plaintiff does not have a judgment against her. The defendant's Application for CT Page 10610 Discharge of Judgment Lien (#101) ought to be and is hereby ordered granted.
BY THE COURT
Arena, J.