MICHAEL PAPA ASSOCIATES *v.* LESLIE JULIAN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 8—decision released July 17, 1979

*William J. St. John, Jr.,* with whom, on the brief, was *Joseph W. Doherty,* for the appellant (plaintiff).

*Edward J. McMahon,* with whom, on the brief, was *Anthony O. Famiglietti,* for the appellee (named defendant).

PER CURIAM. The plaintiff, Michael Papa Associates, brought an action against the defendants Leslie Julian, Henry Nadolny, and G. Christian Moller, in conjunction with which the plaintiff

obtained an ex parte prejudgment remedy of attachment of the defendants' real estate in the amount of $400,000. At a subsequent hearing before the trial court, the plaintiff's claim was, by stipulation, reduced to $225,000. The trial court, upon consideration of the only written contract between the parties and the testimony presented by the plaintiff, further reduced the attachment to take into account the terms of the contract of partnership between the plaintiff and the defendants. The plaintiff has appealed from the subsequent rendering of judgment on the reduction to $56,250 of the prejudgment remedy against the named defendant, Leslie Julian.

It would serve no useful purpose to rehearse in detail either the nature of the underlying controversy between the parties or the evidence before the court on the hearing held pursuant to § 52-278e of the General Statutes. As the statute prescribes, the hearing shall be limited to a determination of whether "there is probable cause to sustain the validity of the plaintiff's claim." We have repeatedly held that such a hearing is not a trial on the merits but rather requires the court to determine probable success by weighing probabilities. In this process, the trial court is vested with broad discretion which is not to be overruled in the absence of clear error. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 583, 376 A.2d 60 (1977); *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 629–30, 356 A.2d 893 (1975). Reviewing the finding of the trial court by this standard, we find no error in its conclusion that, for the purpose of fashioning an appropriate prejudgment remedy, it was more probable that the plaintiff would ultimately recover as one acting as

a general partner in relationship with his copartners than as an independent contractor. The court was entitled to rely on the terms of the agreement of partnership, concededly the only written agreement between the parties, and to give less credence to the testimony of the plaintiff's witness characterizing the plaintiff as an independent contractor.

There is no error.