HEATHER SMARZ *v.* HELEN CHABOT
(3767)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 5, 1985—decision released January 7, 1986

*Jeffrey D. Ginzberg,* for the appellant (plaintiff).
*Irwin J. Gordon,* for the appellee (defendant).

BORDEN, J. The plaintiff[1] appeals from the trial court's judgment dissolving a prejudgment attachment.

---

[1] The named plaintiff, Heather Smarz, is a four year old child who initiated this action through her parent and next friend, Florence Goncalvez. All references in this opinion to the plaintiff are to Heather Smarz.

There are two issues presented in this appeal, one of which is dispositive: whether the trial court erred in finding no probable cause for the attachment. We find no error.

The plaintiff commenced suit against the defendant, a day care provider, alleging that the defendant had sexually molested her. Concomitant with the filing of the complaint, the plaintiff applied for and was granted an ex parte attachment upon the defendant's real property pursuant to General Statutes § 52-278e. The defendant moved to dissolve or modify the attachment. During and after the hearing on this motion, the defendant moved to exclude as hearsay those aspects of the testimony of certain witnesses regarding statements made to them by the plaintiff. The trial court reserved its evidentiary ruling until after the parties presented all of the evidence. After hearing the parties' oral arguments on the motion to exclude, the court ruled that the evidence be stricken. The court also ruled that regardless of its evidentiary decision, there was no probable cause to sustain the validity of the plaintiff's claim. At the request of the plaintiff, the court reiterated that its decision rested upon one ground, namely, that the plaintiff had not established probable cause, even if the court considered all of the stricken evidence. Accordingly, the court dissolved the attachment.

On appeal, the plaintiff raises two issues. First, the plaintiff contends that certain excluded testimony of the plaintiff's mother, and of the pediatrician and the psychologist who examined the plaintiff, should have been admitted under various exceptions to the hearsay rule. We do not consider this first issue because we find dispositive the second issue raised by the plaintiff. That issue is whether the trial court erred in finding that, even if it considered the excluded testimony, the plaintiff had not established probable cause that judgment would be rendered in her favor.

The following is a brief summary[2] of the evidence before the court. The defendant provided day care for the plaintiff from the end of June, 1984, to September 11, 1984. The plaintiff's mother, suspecting that the plaintiff had been sexually abused, contacted her pediatrician and arranged for an examination of the plaintiff on September 13, 1984. The plaintiff had previously experienced vaginal irritation due to the use of bubble bath soap and the pediatrician had in the past prescribed medicated cream for the condition. The cream required manual application. On September 13, the pediatrician found the condition to have worsened. He noticed both inflammation and an abrasion in the affected area. He did not, however, detect any bruises on the plaintiff during this first examination. The next day, the pediatrician observed bruises on the plaintiff's arms and legs which appeared to indicate that she had been forcibly held down. On the basis of these observations and the history as provided by the mother, the pediatrician initiated a child abuse referral to the department of children and youth services (DCYS). See General Statutes § 17-38a. DCYS arranged for a psychological evaluation of the plaintiff.

At the probable cause hearing, the pediatrician, the psychologist and the plaintiff's mother, inter alios, testified. Neither of the professional witnesses could formulate an opinion regarding the cause of the child's condition. In addition, the pediatrician testified that although bruises may not immediately appear on the body, it would not take as long as forty-eight hours after being inflicted for them to appear on the plaintiff's body.

[2] Because our review of trial court decisions in prejudgment remedy matters is limited; see *Solomon* v. *Aberman*, 196 Conn. 359, 364, 493 A.2d 193 (1985); *Babiarz* v. *Hartford Special, Inc.*, 2 Conn. App. 388, 393–94, 480 A.2d 561 (1984); and because this case involves alleged sexual molestation of a readily identifiable child; see *State* v. *Tyler-Barcomb*, 197 Conn. 666, 669 n.1, 500 A.2d 1324 (1985); we will only briefly summarize the evidence underlying the trial court's decision.

The trial court noted that the last time the defendant had any contact with the plaintiff was seventy-two hours or more before the date the pediatrician first observed bruises. In addition, the court questioned the pediatrician's testimony to the extent that he stated that he may have overlooked these bruises during his first examination of the plaintiff. The parties attempted unsuccessfully to elicit testimony from the four year old plaintiff.

General Statutes § 52-278e provides in pertinent part that a defendant "may move to dissolve or modify the prejudgment remedy granted pursuant to this section . . . [and if] the court determines at such hearing . . . [that there was no probable cause to sustain the validity of the plaintiff's claim, then] the prejudgment remedy shall be dissolved." " 'The court's role in such a hearing is to determine probable success by weighing probabilities. *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 447, 423 A.2d 105 (1979).' *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175–76, 474 A.2d 795 (1984); see also *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984)." *Solomon* v. *Aberman,* 196 Conn. 359, 363, 493 A.2d 193 (1985). Our standard of review has been "consistently enunciated." *Solomon* v. *Aberman,* supra, 364. " ' "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." ' " (Citations omitted.) Id.

Applying this standard, we conclude that the trial court's decision is not affected by clear error. The court's findings regarding the dates when bruises were first seen by the pediatrician support the court's doubts as to the credibility of the pediatrician's testimony. In addition, neither of the professional witnesses could state the cause of the plaintiff's condition. Thus, the

court's conclusion that there was no probable cause to sustain the validity of the plaintiff's claim rests upon an adequate evidentiary basis and is not affected by clear error.

There is no error.

In this opinion the other judges concurred.