LINUS SANSTROM, JR., ET AL. *v.*
HUGH S. STRICKLAND ET AL.
(4835)

DUPONT, C. J., HULL and DALY, Js.

Submitted on briefs February 9—decision released May 27, 1987

*Michael F. Dowling* and *Jule A. Crawford* filed a brief for the appellants (plaintiffs).

*Charles M. Rice, Jr.,* filed a brief for the appellees (defendants).

PER CURIAM. This court previously dismissed this case as untimely in *Sanstrom* v. *Strickland,* 10 Conn. App. 166, 523 A.2d 507 (1987). Upon reconsideration, we find that the appellants timely sought and were granted an extension of time during which to file an appeal. Thus, the appeal is timely, and we will address its merits. *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980). This opinion therefore supersedes the previous opinion issued in this case.

The plaintiffs[1] appeal from the trial court's discharge of a lis pendens which had been filed against real prop-

---

[1] Nancy Sanstrom is also a plaintiff in this case.

erty owned by the defendants[2] pursuant to General Statutes § 52-325. We find no error.

The plaintiffs alleged that they had farmed the land of the defendants' decedent (Harold L. Strickland), for several years under a lease. Upon the death of the decedent, the plaintiffs were asked to vacate the premises. They instituted an action claiming that the decedent had promised that the land would be preserved as farmland, would not be sold and would ultimately belong to the plaintiffs. The plaintiffs also alleged breach of an oral lease, unjust enrichment and the existence of a constructive trust.

On January 6, 1986, after a hearing held in accordance with General Statutes § 52-325a, the trial court found no probable cause on any of the plaintiffs' claims to sustain the lis pendens and granted the defendants' motion to discharge it.

At such a hearing, the plaintiff is initially required to establish probable cause to sustain the validity of his claims. General Statutes § 52-325b (a); see e.g. *Stratton* v. *Ward,* 39 Conn.Supp. 195, 474 A.2d 113 (1983). This probable cause hearing is not a trial on the merits, nor is it intended as such. The plaintiff need not establish his claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in determining whether there is probable cause to sustain the lis pendens. *Williams* v. *Bartlett,* 189 Conn. 471, 483, 457 A.2d 290 (1983); *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 447, 423 A.2d 105 (1979); *Cavallo* v. *Lewis,* 1 Conn. App. 519, 520, 473 A.2d 338 (1984).

---

[2] The named defendant and the codefendant Edward G. Birdsey are sued individually and as the coexecutors of the estate of Harold L. Strickland, and trustees of a trust for the benefit of Harold L. Strickland.

The appellate standard of review of a trial court's decision has been consistently and clearly enunciated. In the absence of clear error, we will not overrule the trial court which is in a much better position than we are to weigh the credibility of at least some of the witnesses, and to assess the possible legal issues which may arise. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); *Smarz* v. *Chabot,* 6 Conn. App. 7, 10, 502 A.2d 443 (1986). The credibility of the witnesses is a matter specifically for the trial court. B. Holden & J. Daly, Connecticut Evidence § 125 (a).

After the probable cause hearing, the trial court characterized the named plaintiff's testimony as "self-serving declarations" and therefore gave it little weight. Further, the court had before it a lease, which the plaintiffs claimed was evidence of the agreement between the plaintiffs and the decedent. The lease, however, was unsigned by either the plaintiffs or the decedent.

After carefully reviewing the record and the action of the trial court, we find no error in its conclusion that there was insufficient evidence to justify a finding of probable cause.

There is no error.