Larry Zak et al. *v.* Sherman I. Weisman, Trustee
(6863)

Borden, Daly and Foti, Js.

Argued February 1—decision released March 28, 1989

*Robert S. Kolesnik,* with whom, on the brief, was *Maureen E. Norris,* for the appellant (defendant).

*Louis Erteschik,* for the appellees (plaintiffs).

Foti, J. The defendant appeals, pursuant to General Statutes § 52-325c (a),[1] from the trial court's denial of his motion for discharge of notice of lis pendens. The sole issue on appeal is whether the court erred in failing to grant the defendant's motion. We find no error.

The following facts are pertinent to this appeal. In 1984, the plaintiffs, Larry and Beverly Zak, purchased the property in question, located on East Litchfield Road, Litchfield. At that time, they obtained a mortgage from the Thomaston Savings Bank. Sometime thereafter, when the Thomaston Savings Bank commenced foreclosure proceedings on the property, the plaintiffs sought financial help from the defendant in the amount of $22,000. The parties agreed that the

---

[1] General Statutes § 52-325c (a) provides: "Any order entered as provided in subsection (b) of section 52-325b shall be deemed a final judgment for the purpose of appeal."

General Statutes § 52-325b provides: "BURDEN OF PROOF AT HEARING. AUTHORITY OF COURT. (a) Upon the hearing held on the application or motion set forth in section 52-325a, the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim. Any property owner entitled to notice under subsection (c) of section 52-325 may appear and be heard on the issue.

"(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the claim is established, or (2) order such notice of lis pendens discharged of record if probable cause to sustain the validity of the plaintiff's claim is not established."

defendant would attempt to obtain either a mortgage or a sale leaseback to assist them with their financial difficulties. A closing took place on December 15, 1986, at which time the plaintiffs, who were not represented by an attorney, executed a quit claim deed to the defendant and entered into a lease agreement with him that contained an option to purchase. The plaintiffs concede that they realized they were in fact signing a deed transferring title to the property to the defendant and obtaining a leaseback on that property.

When the plaintiffs failed to make payments, the defendant initiated eviction proceedings. In July, 1987, a stipulated judgment was signed by counsel for the plaintiffs and by the defendant, whereby the plaintiffs were to bring themselves up to date on the lease by making payments of $600 per week. The plaintiffs submitted two checks for $600 and both were dishonored by the bank on which they were drawn.

On November 13, 1987, the plaintiffs brought this action against the defendant alleging noncompliance with the Connecticut Truth-In-Lending Act; General Statutes §§ 36-393–36-417; and the Federal Consumer Credit Protection Act; 15 U.S.C. §§ 1601–1693r; claiming fraud and duress, and alleging violations under the Connecticut Unfair Trade Practices Act. General Statutes §§ 42-110a–42-110q. The plaintiffs filed a notice of lis pendens on the land records affecting the property. The defendant moved to discharge the notice of lis pendens, and a two day hearing followed. During that hearing, the court heard contradictory testimony from the parties as to whether they intended the transaction to constitute a mortgage or a sale and leaseback. After the second day of evidence, the court entered an order denying the defendant's motion to discharge the lis pendens.

At a hearing to discharge a lis pendens, a plaintiff is initially required to establish probable cause to sustain the validity of his claims. General Statutes § 52-325b (a); *Sanstrom* v. *Strickland,* 11 Conn. App. 211, 212, 525 A.2d 989 (1987). "This probable cause hearing is not a trial on the merits, nor is it intended as such. The plaintiff need not establish his claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in determining whether there is probable cause to sustain the lis pendens." *Sanstrom* v. *Strickland,* supra; *Augeri* v. *C.F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984).

Appellate review of a factual finding is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and that of an appellate court. *Pulaski* v. *Ledwith,* 5 Conn. App. 629, 631, 501 A.2d 396 (1985), cert. denied, 198 Conn. 803, 503 A. 2d 1186 (1986). Our role in reviewing the denial of a motion to discharge a lis pendens is even more limited. In absence of clear error, we will not overrule the trial court which is in a much better position to weigh the credibility of witnesses. *Babiarz* v. *Hartford,* supra, 393–94. Our role "is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable." Id., 393. "This can only mean that if review of the record indicates that the trial court reached legal conclusions which have a reasonable basis, those conclusions must stand, even though a plenary review of them might well yield a different result. Any more complete process would lead us into the trap of determining the ultimate correctness of legal conclusions which the trial court

has decided are only *probably* correct, and doing so on the basis of facts which the trial court has decided are only *probably* true, but which it has not found to be proven by a preponderance of the evidence." (Emphasis in original.) Id., 394.

In this particular case, we cannot undertake to exercise even the limited review normally given this type of a claim because the trial court did not file a memorandum of decision; see Practice Book § 4059; and the defendant did not request an articulation from the trial court. See Practice Book § 4051. Without a written memorandum of decision or an oral recitation on the record of the court's findings, we cannot determine if the court's conclusions were reasonable. It is the duty of the appellant to present us with an adequate appellate record. Practice Book § 4061; *Arrieu* v. *Litchfield*, 17 Conn. App. 320, 325, 552 A.2d 445 (1989); *Buchetto* v. *Haggquist*, 17 Conn. App. 544, 554 A.2d 763 (1987). The defendant has failed to do so. We therefore have no basis on which to find error in the ruling of the trial court.

There is no error.

In this opinion the other judges concurred.