[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE LIS PENDENS
In connection with the commencement of this action asserting a prescriptive easement in land in Harwinton on which a runway used in connection with Johnnycake Airport is located, plaintiff filed a lis pendens on the Harwinton land records. The property in question was part of a large parcel owned by Morris Hogan at his death. Defendants are the executors (and co-Trustees) under Mr. Hogan's will. Defendants have moved to discharge the lis pendens pursuant to Conn. Gen. Stat. 52-325a.
Plaintiff met the late Morris Hogan in 1955 when Hogan asked him to do some work clearing his land for pasture. Plaintiff then asked Mr. Hogan whether, if Mr. Pesce cleared off one thousand feet of Hogan's property, he could keep an airplane there. In August, 1956, Mr. Pesce and Mr. Hogan entered into a five year lease of a 1700 foot strip 200 feet wide to be used as a private airstrip for the rent of $1.00. Mr. Pesce built a 1200 feet airstrip and installed runway lights. Following the expiration of the lease in 1961, plaintiff continued to use the airstrip and honored the terms of the lease by maintaining insurance with Hogan as a named insured. He testified that he got along well with Mr. Hogan and that while he did not ask Hogan's permission to do work on the runway, he did let him know what he was doing. Mr. Gunn, who worked for Hogan for over forty years, testified that Hogan told Pesce on some occasions that if Pesce did not want to do what Hogan wanted, Pesce could close down the airport. He remembered such a statement with regard to allowing ultra-lights to use the airstrip. Mr. Pesce testified that he discontinued allowing ultra-lights use at the airport after Mr. Hogan expressed his dislike of them and the insurer refused coverage for ultra-lights.
The parties are in argument that Mr. Pesce's use of the airport runway on Hogan's land was open and continuous and with Mr. Hogan's knowledge since the expiration of the lease in 1961. Defendants argue that plaintiff's use was a permissive one and, therefore, cannot be said to be adverse. Plaintiff claims that a use begun as a result of a grant may furnish the basis for possession under a claim of right. As the court said in Phillips v. Bonadies, 105 Conn. 722, 725-26 (1927), CT Page 9543
 Use by express or implied permission or license cannot ripen into an easement by prescription. . . [The] user must be adverse, — that is, a user unaccompanied by any recognition of a right in the owner to stop such use, either express or reasonably to be inferred from the manner and circumstances of the user.
The character of the relationship between plaintiff and the late Mr. Hogan as friendly neighbors with a mutual interest in the operation of Johnnycake Airport meant that they each attempted to accommodate the other. It is true that until Mr. Hogan's death, Mr. Pesce recognized Hogan as the owner of the land on which the airstrip sits.
Plaintiff points to language in Schulz v. Syvertsen, 219 Conn. 81,90 (1991) in support of his position. The court there said, quoting Alling Realty Co. v. Olderman, 90 Conn. 241, 247 (1916), "`The fact that the use began as a result of a grant . . . instead of militating against the adverse character of the use only emphasizes it.'" Of course, the Schulz court was dealing with a claim that plaintiffs' predecessor in title used the path under the mistaken belief that it was a right of way described in their deed. The Alling Realty Co. case involved a right of way granted to a predecessor in title by parol. The Alling Realty quotation in full reads, "The fact that the use began as a result of a grant, whether one by parol or one otherwise ineffective or invalid, . . ." It is true that Mr. Pesce began his use pursuant to a lease and remained after its expiration as a tenant at will. From the evidence, the court can conclude only that Mr. Pesce at all times acknowledged Mr. Hogan's rights of ownership. The evidence shows that Mr. Pesce consulted with Hogan about the airport, acceded to his wishes with respect to ultralight aircraft, sought his co-operation in obtaining funds for the airport and continued to honor the requirements of the lease after its expiration. The evidence is consistent with a recognition of Mr. Hogan's rights as owner of the servient estate.
Recognizing that plaintiff has the burden of proving probable cause to sustain the validity of his claim and need not establish his claim by a fair preponderance of the evidence, Zak v. Weisman,18 Conn. App. 16, 19 (1989), the facts here do not establish probable cause to believe that plaintiff acquired a prescriptive easement in the air strip. For that reason, defendant's motion to discharge the lis pendens is granted.
Susco, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9546