[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFFS' MOTION FOR PREJUDGMENT REMEDY
This action was brought by the plaintiff, Kerrin M. McGillicuddy, to recover damages for personal injuries that she sustained as a result of being struck by an automobile operated by the defendant, David L. Krucek, Jr., while she was crossing Route 195 in Mansfield on March 5, 1989, at approximately 1:55 A.M.
The third count of the original complaint and the fifth count of the amended complaint dated February 18, 1992 allege dram shop liability under Section 30-102 of the General Statutes against the defendants, Robert Riquier, the permittee, and Mexicali's, Inc., the owner and backer of a bar known as "Thumpers" where Krucek had been drinking earlier CT Page 7859 that evening. The fourth count of the original complaint and the sixth count of the amended complaint allege that the sale of alcohol is beverages to Krucek while he was intoxicated was "reckless, wanton or willful and created unreasonable risk to others", including the plaintiff.
The plaintiffs filed their initial application for a prejudgment remedy in the amount of $500,000 on July 26, 1991, and the clerk's notation in the file, following a hearing on the application to the court (Aronson, J.), states that "[t]he court finds probable cause as to Robert Riquier and Mexicali, Inc. only." On December 23, 1991 the parties appeared before the court (O'Neill, J.) and stipulated to an attachment in the amount of $100,000 which was ordered by the court.
On February 24, 1992 the plaintiffs filed an application for modification of the prejudgment remedy by increasing it to $600,000 and by attaching certain real estate which they claim is held in trust for the benefit of the defendant, Robert Riquier. Although the plaintiffs had requested that the application be considered by the court on its merits after an evidentiary hearing, the clerk's notice to the parties stated that the hearing was to be "limited to the issue of probable cause."
The court advised counsel at the time of the hearing that the court's order for an attachment of $100,000 pursuant to their stipulation after the initial finding of probable cause, raises a strong presumption that Judge Aronson's finding was made as to both counts of the complaint, and that, in any event, the defendants had waived their right to a specific finding as to the recklessness count by agreeing to an attachment in an amount greater than the statutory dram shop ceiling of $20,000. The parties nevertheless asked the court to review the materials filed by the plaintiffs in support of their original application and to make specific findings as to each cause of action.
The court has reviewed the evidence submitted by the plaintiffs, including the deposition testimony of David Krucek, the police reports, and the statements of the witnesses taken in the course of the police investigation, and finds the following facts.
On March 4, 1989, Krucek consumed five 12 ounce cans of beer between 1:00 p. m. and 6:00 p. m. He went to Thumper's that evening and consumed at least four or five beers and two "Tom Collins" mixed drinks between 9:30 p. m. and 11:30 p. m.
Krucek knew he was drunk before he purchased his CT Page 7860 last beer because his speech was slurred and when he left the bar at 11:30 p. m. he stumbled through the parking lot and passed out in his car. At about 1:00 a.m. or 1:30 a.m. he was awakened by friends coming out of Thumper's.
He then drove out of the parking lot and proceeded on Route 195. Immediately after passing another car on the right in a no-passing zone, he struck the plaintiff. He failed to stop after hearing the impact and was finally apprehended by the police about five miles from the scene.
He failed the field sobriety tests because he could not recite the alphabet; he swayed from side to side while trying to walk a straight line and he appeared to be disoriented. His eyes were red and blood shot, and there was a strong odor of alcohol on his breath. Two breathalizer tests given to him after his arrest resulted in blood alcohol readings of .125 at 3:11 a.m. and .113 at 3:46 a.m.
A determination of probable cause under our prejudgment remedy statute requires only that the court make an assessment of probable success by weighing probabilities. Michael Papa Associates v. Julian, 178 Conn. 446, 447. Probable cause is a flexible common sense standard under which one must have a bona fide belief that the facts essential to a cause of action exist whether or not "that belief be correct or more likely true than false." New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620.
The facts essential to impose dram shop liability on the defendants in this case are (1) that Krucek was intoxicated, (2) that while he was in that state he was sold alcoholic liquor by the defendants' agent, and (3) that as a proximate consequence of that same intoxication, the plaintiff was injured by him. Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 351. The court finds that the evidence presented by the plaintiff sufficiently establishes probable cause for the belief that he was intoxicated at the time the sale was made and that his intoxication proximately caused the named plaintiff's injuries.
The court also finds that the plaintiff has established probable cause for her claim of wanton and reckless misconduct in that his state of intoxication "was readily apparent to anyone observing or in contact with him" and that he was served after he had reached that state of intoxication. See Futterleib v. Mr. Happy's Inc., 16 Conn. App. 497,510.
For the foregoing reasons, the court finds that CT Page 7861 probable cause sufficient to warrant a prejudgment remedy against the defendants, Robert Riquier and Mexicali's, Inc., exists under the fifth and sixth counts of the plaintiffs' amended complaint.
Hammer, J.