[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1989 the plaintiffs Lionel and Ann Sterling purchased a home in Stamford at 112 Foxwood Road (the "Property"). They have applied for a prejudgment remedy in the amount of $48,000.00 to attach real estate of the individual defendant Jerome B. Rocherolle and to garnish funds of the corporate CT Page 29 defendant, Shanti Bithi Nursery, Inc. In the fall of 1990 the plaintiffs contacted Shanti Bithi and arranged for Rocherolle, its principal, to meet them at the Property.
At the meeting the parties discussed landscaping certain areas of the Property so as to create an oriental effect consistent with the architecture of the house. Shanti Bithi was experienced in creating such gardens and the plaintiffs decided to engage the company to begin work. Although the plaintiffs seek an attachment against Jerome Rocherolle in addition to the corporation, the plaintiffs showed no basis, factual or legal, on which the court could find personal liability on the part of Rocherolle. The prejudgment remedy application against Rocherolle individually is therefore denied; the term "defendant" as used hereafter shall refer to the corporation only.
The landscaping work began in October 1990. There was no written agreement as to the work to be performed, the contract price for the work or the time within which the work was to be completed. As Rocherolle testified, there was no defined beginning or end. There were no landscape drawings. The plaintiffs gave Shanti Bithi a free hand to re-landscape specified areas on the Property. The work was completed in the summer of 1992. The plaintiffs paid Shanti Bithi approximately $63,000.00 for the landscaping work. In addition, the plaintiffs paid approximately $7300.00 to a third party for installation of two watering systems to water the moss gardens planted by Shanti Bithi. The plaintiffs filed the prejudgment remedy application in October 1993, seeking a prejudgment remedy to secure a return to the plaintiffs of $48,000.00 of the moneys paid to Shanti Bithi.
A prejudgment remedy shall be granted by the court when the plaintiff has shown probable cause to sustain the validity of the plaintiff's claim. Connecticut General Statutes52-278d(a). Probable cause is a bona fide belief in the facts essential under the law for the action and such as would lead a reasonably prudent person to entertain such belief. Three S. Development Co. v. Santore, 193 Conn. 174, 175 (1984). The court's role in a prejudgment remedy hearing is to determine probable success by weighing probabilities. Michael Papa Associates v. Julian, 178 Conn. 446, 447 (1979). The plaintiff must provide evidence from which the court can determine the probable amount of the damages involved. Ledgebrook Condominium CT Page 30 Associates Inc. v. Lusk Corporation, 172 Conn. 577, 585 (1977).
The plaintiff's proposed complaint sets forth three different causes of action arising from the same facts. The first claim is for breach of an oral contract. The plaintiffs contend that Shanti Bithi breached the parties' verbal agreement by overcharging the plaintiffs, by failing to complete the landscaping in a workmanlike manner, by planting shrubs and trees which later "died or have done poorly," by failing to complete the work within a reasonable time and by exceeding the estimate of $15,000.00 given by Rocherolle to the plaintiffs. In his testimony Rocherolle denied giving the plaintiffs an estimate of $15,000.00 and the plaintiffs' correspondence with Shanti Bithi during the landscaping process makes no reference at all to the $15,000.00 estimate. The court is unable to find probable cause that the plaintiffs were given an estimate of $15,000.00. As to the remaining allegations of breach of contract, the plaintiffs failed to sustain their burden of proving under the probable cause standard (a) the parties' agreement to a manner of charging, (b) an agreed upon time of completion and (c) who would bear the risk of plants and trees which later died or did poorly. Without sufficient evidence of the terms of the agreement, there is no basis on which the court can find probable cause for breach of the agreement.
The second count of plaintiffs' proposed complaint alleges that defendant violated the Home Improvement Act, Connecticut General Statutes 20-418 et seq. in two respects. First, the defendant was not registered with the commissioner of consumer protection as required by Connecticut General Statutes 20-420, and secondly, the defendant did not provide the plaintiffs with a written contract as required by Connecticut General Statutes20-429. These violations are admitted by the defendant. The plaintiffs, however, failed to provide evidence of any damage which resulted from the violations of the Act. Mr. Sterling testified that he wished to recover from the defendant certain portions of the amounts he paid the defendant for labor and materials as well as half of the moneys Mr. Sterling paid for the watering system, a total for $40,450.00 according to the plaintiffs' memorandum of law. These "damages," however, were not caused by the defendants' failure to comply with the Home Improvement Act. It is important to note that the plaintiffs are not seeking the return of all moneys paid for the landscaping work based on the lack of a written contract as required by the Act. In claiming the return of only part of the funds paid the CT Page 31 defendant, the plaintiffs are making a claim at best for overcharging, not for the invalidity of the entire agreement under the Act. (As noted above, there is no probable cause for an overcharging claim because the parties never agreed on a manner of charging and plaintiffs did not provide any expert testimony as to the value of landscaping work.)
The plaintiffs' final claim is that the defendant's actions also constitute a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes 42-110a
et. seq. Once again, however, the plaintiffs failed to provide evidence of any damage, arising out of the alleged CUTPA violation. Although the undisputed failure to comply with the Home Improvement Act constitutes a per se violation of CUTPA, there must be evidence of damages arising from the CUTPA violation. A. Secondino and Son, Inc. v. LoRicco, 215 Conn. 336,344 (1992).
The plaintiffs' application for prejudgment remedies is denied for failure to show probable cause to sustain the validity of the plaintiffs' claim.
CHRISTINE S. VERTEFEUILLE, JUDGE