[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 127.5
On April 22, 1994, the plaintiff, Lise-Lotte Knudsen (Knudsen), filed a two-count complaint against the defendant, Shawmut Bank (Shawmut). Count one of the complaint alleges that on December 14, 1993, Knudsen and Shawmut entered into a stipulated judgment to settle litigation pending in the Superior Court. The stipulation provided that Shawmut would quit claim certain real property to Knudsen upon the payment of $350,000 by the latter to the former on or before March 1, 1994. Knudsen alleges that she subsequently requested a "reasonable continuance" of the payment deadline but Shawmut refused. Consequently, Knudsen filed a notice of lis pendens against the property. Shawmut then filed an application to discharge the notice of lis pendens which was granted by the court, Stodolink, J., on the ground that Knudsen had no right to demand a conveyance of the property beyond March 1, 1994. Shawmut Bank v.Knudsen, Superior Court, judicial district of Danbury, Docket No. 316356 July 20, 1994, Stodolink, J.) (9 C.S.C.R. 853), aff'd,38 Conn. App. 919, 659 A.2d 1240, cert. denied, 235 Conn. 920,665 A.2d 906 (1995).
Shawmut now moves for summary judgment on the ground that the doctrines of res judicata and collateral estoppel bar Knudsen's complaint. Shawmut argues that the claims and issues raised by the complaint were fully and finally litigated in the lis pendens hearing.[1] This argument is unpersuasive. "Res judicata and collateral estoppel depend on the existence of a valid final judgment on the merits." Telesco v. Telesco,187 Conn. 715, 719, 447 A.2d 752 (1982). A lis pendens hearing, however, "is not a trial on the merits, nor is it intended as such."Sanstrom v. Strickland, 11 Conn. App. 211, 212,525 A.2d 989 (1987).
Accordingly, Shawmut's motion for summary judgment is denied.
Nadeau, J. CT Page 7960