[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: NO. 121.05: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Lisa Knudsen (Knudsen), filed a second amended complaint dated March 12, 1996, against the defendants, Georgia CT Page 8472 Buettner (Buettner), Shawmut Bank (Shawmut), and Thomas Battaglia (Battaglia). Count one of the complaint alleges that on December 14, 1993, Knudsen and Shawmut entered into a stipulated judgment to settle litigation pending in the Superior Court. The stipulation provided that Shawmut would quitclaim certain real property to Knudsen upon the payment of $350,000 by the latter to the former on or before March 1, 1994. Knudsen alleges that after she had "substantially performed the agreement," Shawmut refused to convey the property to her. Consequently, Knudsen filed a notice of lis pendens against the subject property. Shawmut subsequently filed an application to discharge the notice of lis pendens which was granted by the court, Stodolink, J., on the ground that Knudsen had no right to demand a conveyance of the property beyond March 1, 1994. Shawmut Bank v. Knudsen, Superior Court, judicial district of Danbury, Docket No. 316356 (July 20, 1994, Stodolink, J.) (9 C.S.C.R. 853), aff'd, 38 Conn. App. 919,659 A.2d 1240, cert. denied, 235 Conn. 920, 665 A.2d 906 (1995).
In count one of the complaint, Knudsen alleges that Buettner, an employee of Shawmut, gave false testimony at the lis pendens hearing which deceived the court and caused it to rule against Knudsen. Buettner's conduct, Knudsen alleges, violated the Connecticut Unfair Trade Practices Act (CUTPA). Count two incorporates the first count and further alleges that Buettner testified as a representative of Shawmut in order to mislead the court and gain a favorable outcome for Shawmut in violation of CUTPA. Knudsen alleges in the third count that Buettner repudiated the terms of the stipulation and intentionally interfered with Knudsen's contractual relationship with her tenant-buyer. Count three further alleges that Buettner quitclaimed the subject property to Knudsen's tenant-buyer. Count four alleges that Buettner's conduct as set forth in the third count constitutes a violation of CUTPA. In the fifth count, Knudsen alleges that Battaglia, Shawmut's attorney, wrongfully allowed Buettner to give false testimony during the lis pendens hearing. This count further alleges that Battaglia made misrepresentations to the court regarding the nature of the stipulated judgment. Knudsen alleges that Battaglia's conduct violated CUTPA. The sixth and final count alleges that Battaglia's actions constitute a violation of CUTPA by Shawmut.
The defendants now move for summary judgment on the ground that the doctrines of res judicata and collateral estoppel bar Knudsen's complaint. The defendants argue that the claims and issues raised by the complaint were fully and finally litigated CT Page 8473 in the lis pendens hearing[1]. This argument is unpersuasive. "Res judicata and collateral estoppel depend on the existence of a valid final judgment on the merits" Telesco v. Telesco,187 Conn. 715, 719, 447 A.2d 752 (1982). A lis pendens hearing, however, "is not a trial on the merits, nor is it intended as such." Sanstrom v. Strickland, 11 Conn. App. 211, 212,525 A.2d 989 (1987).
As an alternative ground to their motion, the defendants argue that statements made in judicial proceedings are absolutely privileged and, therefore, their motion should be granted as to counts one, two, five, and six. The defendants further argue that summary judgment is proper as to counts five and six because a party to a lawsuit cannot assert a CUTPA claim against the opposing party's attorney. The court agrees with these arguments.
"It has long been established that there is an absolute privilege for statements made in judicial proceedings." Petyan v.Ellis, 200 Conn. 243, 245, 510 A.2d 1337 (1986). "There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.) Id., 245-46. "The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Internal quotation marks omitted.) Id., 246. "There is, of course, no really effective civil remedy against perjurers; that lack is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say." (Internal quotation marks omitted.) Id., 251. "The common law absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy." Id.
In the present case, Knudsen is attempting to obtain a civil remedy for statements made by Buettner and Battaglia during the lis pendens hearing. These statements related to the nature of the stipulated judgment and, therefore, were clearly pertinent to the controversy. Thus, the utterances are absolutely privileged and may not form the basis of a civil action.[2]
Moreover, Knudsen's CUTPA claims relating to Battaglia's CT Page 8474 conduct are barred because "attorneys cannot be liable to their client's adversaries for alleged unfair trade practices occurring in the course of the attorneys' representation of a client."Field v. Kearns, 43 Conn. App. 265, 279, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996). See also Jackson v.R. G. Whipple, Inc., 225 Conn. 705, 722-29, 627 A.2d 374 (1993). "Providing a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf."Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 727.
The defendants' final argument is that Knudsen misconstrued Buettner's testimony and, therefore, summary judgment is proper as to all six counts. This argument, however, relates only to counts one, two, five, and six. Counts three and four contain no allegations involving Buettner's testimony. Thus, in view of this court's decision to grant summary judgment as to counts one, two, five, and six, the court need not address this particular argument.
In light of the foregoing, the defendants' motion for summary judgment is granted as to counts one, two, five, and six. The defendants' motion is denied as to counts three and four.
Nadeau, J.