[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR DISCHARGE OF LIS PENDENS (DOCKET ENTRY NO. 108)
Presently before the court is the defendant's motion for discharge of lis pendens. On February 2, 1996, the plaintiff, Carol Rivera, brought suit to set aside the sale of certain property by the codefendant, tax collector for the city of Bridgeport (tax collector), to the defendant, Quality Real Estate Development (Quality).
The plaintiff's complaint alleges the following relevant facts. Carol Rivera is the executrix of the estate of Joseph Mobilio. CT Page 3708 Mobilio's estate owned the property known as 316 Westfield Avenue in Bridgeport, Connecticut. Pursuant to General Statutes (Rev. to 1993) sec; 12-157,[1] the tax collector filed a notice of sale with the city clerk on April 20, 1994. Thereafter, on June 20, 1994, the tax collector sold the aforesaid property to Quality.[2]
The plaintiff alleges in the complaint that the tax collector failed to file the notice of sale within the statutorily required period. See sec; 12-157 (Rev. to 1993) ("such posting and filing shall be done not more than ten and not less than nine weeks before the time of sale") Specifically, the plaintiff alleges that the tax collector filed the notice of sale with the city clerk on April 20, 1994, two days less than nine weeks before the tax sale, in violation of sec; 12-157 (Rev. to 1993). The plaintiff concludes that the sale of the property to Quality is therefore null and void. The plaintiff seeks, inter alia, a judgment setting aside the sale of the property to Quality.
Attached to the plaintiff's complaint is a certified copy of the notice of lis pendens the plaintiff filed on January 19, 1996, with the town clerk's office for the city of Bridgeport. Quality now seeks to discharge the said lis pendens on the ground that no probable cause exists to sustain the validity of the plaintiff's claim. The plaintiff has filed an objection to Quality's motion. The parties' respective grounds are discussed more fully below.
At a hearing on the motion for discharge of lis pendens, "the plaintiff is initially required to establish probable cause to sustain the validity of [her] claims." Bielonko v. BlanchetteBuilders, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 581188 (February 2, 1999, Levine, J.); see also General Statutes sec; 52-325b. "[I]f the action alleges an illegal, invalid or defective transfer of an interest in real property, [the plaintiff must also show] that the initial illegal, invalid or defective transfer of an interest in real property occurred less than sixty years prior to the commencement of the action." General Statutes sec; 52-325b (a).
The plaintiff must prove under the probable cause standard that there is "a bona fide belief in the existence of the facts essential under the law for the action and such as would warranta man of ordinary caution, prudence and judgment, under thecircumstances, in entertaining it." (Emphasis in original; CT Page 3709 internal quotation marks omitted.) Dufraine v. Commission onHuman Rights Opportunities, 236 Conn. 250, 261, 673 A.2d 101
(1996); see also Sanstrom v. Strickland, 11 Conn. App. 211, 212,525 A.2d 989 (1987) (discussing the probable cause hearing and the standards for maintaining a notice of lis pendens). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." (Internal quotation marks omitted.) Adriani v. Commission onHuman Rights Opportunities, 220 Conn. 307, 316, 596 A.2d 426
(1991).
At oral argument and in her written objection, the plaintiff argued that the notice of lis pendens should remain in effect because the tax collector failed to comply strictly with the notice requirements of General Statutes (Rev. to 1993) sec; 12-157. The plaintiff further argued that the tax collector's failure to comply with the statutory notice requirements was compounded by his failure to give notice to the estate of Joseph Mobilio, Sr., or herself, as the executrix of said estate. Lastly, the plaintiff argued that neither the estate nor herself "ever received actual or constructive notice of the impending tax lien foreclosure." (Plaintiff's Objection to Motion to Discharge Lis Pendens, p. 3.) Quality argued, on the other hand, that assuming arguendo the tax collector failed to comply strictly with the notice requirements of sec; 12-157, the plaintiff does not claim a lack of actual knowledge.[3] Quality further argued that any purported defects in the notice were cured by Special Acts, Special Sess., January 1995, No. 95-1[4] and that the plaintiff's claim is barred by General Statutes sec; 12-159.[5]
It must be noted from the outset that the court is being called upon simply to determine whether probable cause exists to sustain the validity of the notice of lis pendens. See General Statutes § 52-325b; see also Sanstrom v. Strickland, supra,11 Conn. App. 212 (the court does not determine the merits of the plaintiff's claim, but merely weighs the parties' respective arguments and documentary evidence). Accordingly, the plaintiff does not have to prove that it will prevail, only that there is probable cause to sustain the validity of her claim that the tax collector's sale of the property to Quality failed to comply with General Statutes sec; 12-157. See Corsino v. Telesca, 32 Conn. App. 627,631, 630 A.2d 154, cert. denied, 227 Conn. 931, 632 A.2d 703
(1993). This court finds that the plaintiff has demonstrated probable cause. CT Page 3710
In Associates Financial Services of America, Inc. v.Sorenson, 46 Conn. App. 721, 725-26, 700 A.2d 107, appeal dismissed, 245 Conn. 168, 710 A.2d 769 (1997), the Appellate Court upheld the constitutionality of the tax sale statute on the ground that "the notice provided by sec; 12-157 is reasonably calculated to apprise all interested parties of the tax sale. . . ." In deciding, the court reasoned that "§ 12-157
requires that notice be posted on a signpost in the town where the real estate is located, that the town clerk record notice on the land records, that notice be published in a local newspaper for at least three consecutive weeks, and that notice be sent by mail to the owner, mortgagee, lienholder, or any other party having an interest in the property." Id. Section 12-157 (Rev. to 1995) further provides: "Such posting and filing shall be done not more than ten and not less than nine weeks before the time of sale. . . ."
The record shows that the tax sale took place on June 20, 1994. Under sec; 12-157 (rev. to 1995), therefore, the tax collector was required to file a notice of sale with the town clerk between April 11, 1994, and April 18, 1994. The town clerk received notice of the sale, however, on April 20, 1994.[6] In other words, the tax collector provided notice of the sale to the town clerk between eight and nine weeks prior to the tax sale, and not between nine and ten weeks prior thereto as directed by the statute. "The power to sell land for delinquent taxes is strictly construed; the tax collector must substantially, if not strictly, comply with all statutory provisions." Associates FinancialServices of America, Inc. v. Sorenson, supra, 46 Conn. App. 726. Considering the record as a whole, this court finds that probable cause exists to sustain the validity of the plaintiff's claim that the tax collector failed to give proper notice pursuant to § 12-157. Therefore, the motion for discharge of lis pendens is denied.
SKOLNICK, J.