[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR DISCHARGE OF NOTICE OF LIS PENDENS
On March 23, 1999, the plaintiffs, Doris and Michael Bornyak, filed a CT Page 3132-ai complaint against the defendants, Louis Segneri, Michael Zeerip, Steven Barberino and Highland S.B.Z. Associates, LLC (Highland). The individual defendants are the members of Highland. The complaint alleges that the plaintiffs' property was fraudulently conveyed to Highland due to the actions of the defendants. The plaintiffs attached to the complaint a copy of a notice of lis pendens that was filed on March 12, 1999, in the land records of the town of Newtown. The defendants now move to discharge the notice of lis pendens on the grounds that there is no proable cause to sustain the validity of the plaintiffs' claims and that the claims affecting the real property subject of the lis pendens are barred by res judicata. On October 30, 2000, this court held a hearing on the motion to discharge the lis pendens.
"As General Statutes § 52-325 (a) provides, the purpose of notice of lis pendens is to bind any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. A notice of lis pendens ensures that the litigant's claim cannot be defeated by a prejudgment transfer of the property. . . . The lis pendens procedure provides security for payment of the claim pending final resolution of the case." (Brackets omitted; internal quotation marks omitted.) Corsino v.Telesca, 32 Conn. App. 627, 632-33, 630 A.2d 154, cert. denied,227 Conn. 931, 632 A.2d 703 (1993).
When faced with a motion for discharge of notice of lis pendens, the court is required to conduct a probable cause hearing under General Statutes § 52-325a. At a hearing on the motion, the plaintiffs are initially required to establish probable cause to sustain the validity of its claims. General Statutes § 52-325b (a)[1]. The plaintiffs must prove that there is "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . (Emphasis omitted.) Dufraine v. Commission onHuman Rights Opportunities, 236 Conn. 250, 261, 673 A.2d 101 (1996). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." Adriani v.Commission on Human Rights Opportunities, 220 Conn. 307, 316,596 A.2d 426 (1991). "This probable cause hearing is not a trial on the merits, nor is it intended as such. The [plaintiffs] need not establish [their] claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in determining whether there is probable cause to sustain the lis pendens."Sanstrom v. Strickland, 11 Conn. App. 211, 212, 525 A.2d 989 (1987). CT Page 3132-aj
Despite numerous orders of the court requiring the plaintiffs to comply with the defendants' requests for production, the plaintiffs have submitted no documentary evidence with the court that establishes probable cause to sustain the validity of the claims set forth in the complaint. Nor did the plaintiffs provide any testimony or proof at the hearing.[2] Thus, this court holds that the plaintiffs, by presenting no proof of their claims, have failed to uphold their burden of establishing probable cause. The defendants' motion for discharge of notice of lis pendens is granted, and the notice of lis pendens is hereby discharged.
White, J.