[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISCHARGE A LIS PENDEN N.S.
The plaintiff Harbour Landing Condominium Association, Inc. (Harbour Landing) brought this action against the defendant PMG Land Associates (PMG) claiming prescriptive easements over certain property belonging to PMG.[1] The land over which Harbour Landing claims prescriptive easements can be generally described as: (1) tennis court; (2) parking lot; and (3) land bordering a road.
At the time of bringing this action, Harbour Landing filed a notice lis pendens on the land records. Before the court is PMG's motion to discharge the lis pendens which places the burden on Harbour Landing to prove that there is probable cause to sustain its claim for the prescriptive easement. General Statutes § 52-325b. Accordingly, the plaintiff has the burden of proving that there is probable cause to believe that its use was adverse and that this adverse use of the property was "open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. There can be no claim of right unless the use is unaccompanied by any recognition of [the right of the servient tenement] to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription. Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." Westchester v. Greenwich,227 Conn. 495, 501 (1993) (internal citations and quotation marks omitted). See also Lisiewski v. Seidel, 72 Conn. App. 861, 873 (2002).
Nevertheless "[t]his probable cause hearing is not a trial on the merits, nor is it intended as such. The plaintiff need not establish his claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in CT Page 4115 determining whether there is probable cause to sustain the lis pendens."Zak v. Weisman, 18 Conn. App. 16, 19 (1989). (Internal citations and quotation marks omitted.)
(A) Tennis Courts
The court finds that the plaintiff failed in its proof that there was probable cause to believe that the use of the tennis court was not with the express or implied permission of PMG. For example, Harbour Landing's own minutes of the homeowner's meeting on May 6, 1990 provided the following: "Norm concluded by assuring that services will be restored with this new influx of funds. We do not have any problems that cannot be fixed with a little cash in hand. The only service we cannot restore is the use of the tennis court. The court is situated on Phase 5 which belongs at this point to the developer. He has decided not to let anyone have access to the court. A reminder: The nets and wind screen which are in his possession belong to the Association." (Defendant's Exhibit U.)
Furthermore, PMG's public offering of March 23, 1993 provided: "2. (H). The existing tennis courts are not located upon property which is part of the Condominium and are not part of the Condominium . . . 9. The tennis courts presently existing on land of PMG Land Associates, L.P. adjacent to the Condominium property are not part of the Condominium or its recreational facilities but are presently being made available to the Condominium Association at no expense to it." (Defendant's Exhibit D.)
Again, Harbour Landing's own minutes of its meeting of June 21, 2000, just one year and half before the bringing of this action, acknowledges PMG's control over the court: "Gerald questioned whether PMG had a permanent or annual easement on the tennis court and gravel parking lot. Steve said that PMG exercises control over the property by closing access periodically. There was a general discussion of the value of the surrounding land owned by PMG. Steve suggested that the Association contact an attorney to assist with discussions. Jim will contact Benson Snader and invite him to the next Board meeting. There was general discussion of issues concerning a possible tax liability associated with the land." (Defendant's Exhibit MM.)
 B
Parking Lot
The court further finds that the Harbour Landing failed to prove that it is probable that it has a presumptive easement over the parking lot. After PMG purchased the property in 1992, it closed off the parking lot CT Page 4116 in order to reconstruct a sea wall. Construction equipment and large railroad timbers occupied the lot. Furthermore, the court finds that PMG paid for the maintenance of the parking lot including removal of snow over the course of the years.
 C
Land Bordering The Road
It is undisputed that Harbour Landing has paid to maintain the land bordering the road for at least a fifteen year period including the payment of the electric bills and the maintenance of the lawn. Accordingly, the court finds that there is probable cause to believe that Harbour Landing has prescriptive easement on that property.
 D
Summary
In sum, the court finds that Harbour Landing has failed to prove that there is probable cause to believe that it has a prescriptive easement over the tennis court and parking lot and PMG's motion to discharge the lis pendens with respect to these two parcels is granted. Harbour Landing has proven there is probable cause to believe that it has a prescriptive easement over the land bordering the road and PMG's motion to discharge the lis pendens with respect to this land is denied.
 Robert I. Berdon Judge Trial Referee